## R. M. Davis v. John W. Farnes.

In selling lands for taxes, the Assessor and Collector acts under a special and limited authority, conferred by the law and not by the owner of the estate. Being the mere instrument to pass the title, his proceeding is to be construed strictly, and his authority must be strictly pursued in every particular. Every prerequisite to the exercise of the power to sell, must precede its exercise, or the sale will be invalid.

The list of taxable property prescribed by the Act of February 11th, 1850, (O. & W. Dig. art. 1968,) was required to be verified by the oath in writing of the tax payer; and where it appeared in evidence that the list was not so verified, a sale for taxes of the land of a delinquent tax payer was not authorized by law and was invalid; and it was not error to exclude from the jury the Assessor and Collector's deed as evidence of title in the purchase of the land at such sale.

APPEAL from Dallas. Tried below before the Hon. N. M. Burford.

This was an action of trespass to try title brought by the appellant against the appellee. The title of the plaintiff consisted in a tax deed from the Assessor and Collector of taxes of Dallas county, by whom the land in controversy was sold for the taxes of 1855, at a tax sale held on the 31st day of May, 1856.

The other facts appear in the opinion.

*George W. Guess*, for appellant.

*Ferris & Nicholson*, for appellee.

WHEELER, C. J.—It appears by the bills of exceptions and statement of facts, that the oral testimony of the assessor was relied on to prove the performance of the prerequisites to the sale, and that he was allowed to testify to conclusions both of law and fact. It is quite clear that such testimony was inadmissible and incompetent to prove the proposed facts. But it was admitted by the court; and we cannot say that the ruling of the court admitting it did not prevent the plaintiff from producing better evidence which it may have been in his power to produce, competent to

make the proposed proof. The court held the mode of proof proposed by the plaintiff competent, and the facts sufficiently established, except in the points indicated in the bill of exceptions upon which the assessor's deed was excluded. As the plaintiff might have produced other evidence, but for the opinion of the court in his favor upon the sufficiency of that introduced by him, we must treat it as sufficient for the purpose of deciding whether there was error in excluding the assessor's deed. And but one of the objections urged to the admissibility of the deed need be noticed. Before introducing the deed, it was proposed to prove a compliance with all the prerequisites to the sale evidenced by the deed. In making this proof, it was disclosed by the witness that the list of the defendant's property, taken by him, was not verified by the oath of the defendant in writing, or any certificate of the officer that it was sworn to and subscribed by the defendant; and it was objected that in this particular there was a failure to comply with the requirement of the law. The provision of the statute is as follows: "The list required under the fourth section of this Act shall contain a description of all the taxable property in his or her own right, or held as guardian, executor, administrator, agent or attorney, on the first day of January for the current year, verified by the oath of the party returning the° same, made and subscribed before the assessor and collector of taxes, or any justice of the peace of the county wherein such parties reside," &c., (O. & W. Dig., art. 1968.) The meaning of the statute seems to be that the oath of the party shall be in writing; for it is the oath of the party, according to the grammatical construction of the language used, which is to be "made and subscribed" before the assessor or a justice of the peace. If made before a justice of the peace, it could only appear to the assessor by the attestation of the justice. It seems clear, therefore, that the statute contemplates that the list shall bear evidence upon itself that it has been verified by the oath of the party. In this particular the statute was not complied with. Applying to the case the rules which have governed the courts in passing upon this class of titles, the objection must be held fatal. The assessor acts under a special and limited authority conferred by the law and not by the owner of the estate. He is

the mere instrument to pass the title. The proceeding is construed strictly, and the power must be strictly pursued in every particular. The law requires that every prerequisite to the exercise of the power to sell the estate, must precede ·its exercise. The agent must pursue the power, or his act will not be sustained by it. These principles have been recognized by this court in their application to tax titles in repeated decisions. (Yenda v. Wheeler, 9 Tex. R., 408; Robson v. Osborn, 13 Tex. R., 298; Wofford v. McKinna, 23 Tex. R., 36.) It appearing that all the prerequi-sites of the law were not complied with in this case, the sale was invalid and the deed of the assessor was rightly excluded. There is therefore no error in the judgment, and it is affirmed.

Judgment affirmed.