M. E. Eustis et al. v. City of Henrietta.

No. 596.—Decided December 13, 1897.

**1. Tax Sale—Costs.**

Under Rev. Stats., arts. 5198, 5206, 5208, 2460, the city tax collector, in levying upon and selling to one purchaser several tracts belonging to the same individual, could charge as costs the fees for but one levy and one deed, apportioning same between the several tracts. (P. 328.)

**2.—Tax Deed—Recitals of Taxes and Costs.**

The recital, in the deed of a tax collector, of the taxes for default whereof the sale is made and also the cost of making the sale, is conclusive upon the purchaser that the sale was for the amount of taxes and costs so recited. (Rev. Stats. [1895], art. 5185; Sayles' Civ. Stats., art. 447.) (Pp. 328, 329.)

**3. Tax Sale—Excessive Amount.**

The sale of land for an amount of taxes or costs greater than the law allowed was void. (P. 329.)

**4. Same—Defending Against Tax Deed—Payment.**

The owner of land cannot be required to pay taxes due thereon as a condition precedent to making his defense against such void tax sale. (Reviewing City of Henrietta v. Eustis, 87 Texas 14; Ozee v. City of Henrietta, 90 Texas, 334; Eustis v. City of Henrietta, 90 Texas, 468. (Pp. 329, 331.)

**5. Certificate of Dissent—Judgment.**

Art. 1042, Rev. Stats., requires the Court of Civil Appeals, after answer by the Supreme Court to a question certified to them upon dissent, to enter judgment in the case in accordance with the answer so given. (P. 331.)

Certificate of dissent from Court of Civil Appeals for the Second District, in an appeal from Clay County.

*W. G. Eustis*, for appellants.—A sale for an excess of the tax authorized by law is void. Act of March 31, 1885, p. 99; Sayles' Stats., art. 425b; Higgins v. Bordages, 88 Texas, 458; Dean v. Lufkin, 54 Texas, 265; Lufkin v. City of Galveston, 73 Texas, 343; Cooley on Taxation, 429, 497; 2 Devlin, Deeds, 1494; Peterson v. Kittredge, 65 Miss., 33; Cooper v. Lumber Co., 31 S. W. Rep., 981.

The tender of the tax (Rev. Stats., art. 447) has no application to a defendant who resists an illegal tax, but to a plaintiff who seeks to set aside a tax deed for irregularities. Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 343; Cooper v. Lumber Co., 31 S. W. Rep., 981; O'Neil v. Tyler, 53 N. W. Rep., 434; Martin v. Barbour, 140 U. S., 634; Gage v. Bani, 141 U. S., 344; Mendanhall v. Hall, 134 U. S., 559; 2 Devlin, Deeds, 1423; Cooley, Taxation, 551, 552; Black, Tax Titles, 438; Burden v. Taylor, 27 S. W. Rep., 351; Townsend v. Martin, 17 S. W. Rep., 876; Radcliffe v. Scruggs, 46 Ark., 96; Allen v. Morse, 72 Maine, 502; Dunn v. Snell, 74 Maine, 22; Wilson v. McKenna, 52 Ill., 43.

The essential requisites of a valid tax sale are a legal levy by competent authority and a valid assessment by the proper officer, and city taxes being special taxes, the levy must be proved by the proper records,

and the authority to levy a special tax must be shown.  Act of March 15, 1875, p. 112; Rev. Stats., arts. 432, 439, 441; Greer v. Howell, 64 Texas, 688; George v. Dean, 47 Texas, 84; Dawson v. Ward, 71 Texas, 72; Railway v. Poindexter, 70 Texas, .98; Fant v. Brannin, 2 Posey, U. C., 323; Free v. Scarbrough, 70 Texas, 672; Cooley, Taxation, 339, 235, 276, 277; Blackwell, Taxation, 155; 25 Am. & Eng. Encycl. Law, 195.

*J. A. Templeton* and *Emmett Patton*, for appellee.—The tax deed introduced in evidence by appellee was prima facie evidence of the following facts, viz:  First, that the land thereby conveyed was subject to taxation at the time the same was advertised for sale, and that it had been listed or assessed in the time and manner required by law.  Second, that said taxes were not paid at any time before the sale.  Third, that the premises conveyed had not been redeemed from the sale at the date of the deed.  And said deed was conclusive .evidence of the following facts, viz:  First, that the premises sold were advertised for sale in the manner and for the length of time required by law.  Second, that the property was sold for the taxes as stated in the deed.  Third, that appellee, grantee in the deed, was the purchaser, and fourth, that the sale was conducted in the manner prescribed by law.  And the court did not err in admitting said deed in evidence and in refusing to permit appellants to object thereto or to question the validity thereof without first showing that the taxes due on said property had been paid or tendered to appellee.  Rev. Stats., art. 447; City of Henrietta v. Eustis, 26 S. W. Rep., 619; 27 S. W. Rep., 746; Dallas Title & Trust Co. v. Oak Cliff, 27 S. W. Rep., 1036; Lufkin v. City of Galveston, 73 Texas, 342.

Article 447 of the Revised Statutes is not restricted in its operation to a suit brought by a former owner of land to set aside a tax deed thereto for irregularities, but it applies equally to a defendant in a suit brought by a purchaser at tax sale and the grantee in the deed to recover the property thereby conveyed; and in such a case the defendant will not be permitted to question the title conveyed by such deed without showing that all taxes legally due upon the land have been paid by him or by those under whom he claims.  Miller v. Vernoy, 2 Texas Civ. App., 675; Yoe v. Montgomery, 68 Texas, 340.

BROWN, ASSOCIATE JUSTICE.—Upon dissent of Justice Hunter, the Court of Civil Appeals has sent to this court the following questions:

"On July 3, 1897, it was ordered by this court that the judgment stand affirmed, Justice Hunter dissenting.  A motion by the appellants to certify the points of dissent has been granted by this court.

"We refer to the former opinion of the majority of this court, 37 S. W. Rep., 632, as containing a correct statement of the case, and this court without dissent adopts the conclusions of fact there set out, and

proceeds to certify to your Honors the following questions forming the subject of dissent:

"1. The majority hold as a conclusion of fact that the sale by virtue of which the tax deed was executed was not in excess of the costs thus authorized; or in any event, that a necessary inference is that the record will not support the conclusion that such sale was so in excess. From this conclusion of fact Justice Hunter dissents, holding that the question is one not of fact, but of law, and holding that the lands described in the deed, including the property in controversy, were sold for more costs than the law charged them with.

"The question certified in this connection is, Whether or not the tax deed, under article 447, Revised Statutes, is conclusive evidence that the Block 31 was sold for $10 taxes and for $2.50 costs, as recited in said deed; and whether or not this amount of costs was more than was prescribed by law. We refer to the majority and dissenting opinions, accompanying this certificate, for a statement of such portions of the record as constitute the basis for the conflicting views.

"2. Conceding that the sale by virtue of which the tax deed was executed was in excess of the costs authorized by law, would this fact of excess avail the appellants in avoidance of the deed, in the absence of the payment or tender of payment of the taxes legally due,—it being further found that the levy and the assessment of the taxes, and the sale, were in all other respects valid?

"3. Conceding, as is found without dissent, that the true amount of the taxes due to the city on Block 31 at the date of the filing of this suit was $174.50, do the allegations of the defendants' answer herein, showing a tender of $55, in connection with an offer to pay whatever should be found to be due against their property, show a tender of the payment of the taxes due, within the meaning of article 447, Revised Statutes; or were the allegations such an offer to do equity as entitled the pleaders in this case to have a decree in their favor permitting them to pay the true amount of taxes found to be due by the court against said property within a reasonable time after the date of the judgment?

"The allegations of this answer are as follows: 'That in case the court shall find that said property is subject to any taxes, due plaintiff, that defendants are ready and willing, and have always been ready and willing, to pay same, and will pay same as soon as the amount of legal tax, if any, is ascertained by the court.'

"We also respectfully refer to the majority and dissenting opinions herein filed, respectively, on July 3 and July 5, 1897, for a more detailed exposition of the points of dissent and of their materiality."

The first ground certified contains two questions: (1) was the amount specified in the deed, $2.50, a greater sum for costs than was by law allowed to the officer? (2) was a recital in the tax deed of the amount of taxes and costs for which the land in question was sold conclusive upon the purchaser?

The dissenting opinion of Justice Hunter states clearly the law by

which we are to determine the amount of costs which the tax collector of the city of Henrietta was authorized to charge against this land. Article 5198 Revised Statutes is in the following language: "The provisions of this chapter in reference to the seizure and sale of real and personal property for taxes, penalties and costs due thereon, shall apply as well to collectors of taxes for towns and cities as for collectors of taxes for counties, and they shall be governed in selling real and personal property by the same rules and regulations in all respects as to time, place, manner and terms, and making deeds, as are provided for collectors of taxes for counties."

Article 5206, Revised Statutes, provides that the collector for a county shall receive, for seizing and selling property for taxes, the same compensation as is allowed by law to sheriffs and constables for making levy and sale in similar cases, but no commissions on the sales should be allowed. By article 5208, Revised Statutes, the tax collector is allowed to charge for but one levy in case he "has levied upon more than one tract of land belonging to the same individual, corporation or company" and for advertising the lands he can charge against each tract only its proportion of the cost for advertising the whole number, and no more. Article 2460, Revised Statutes, authorizes sheriffs to charge $1.50 for levying an execution, and $2 for executing a deed to each purchaser. But one deed was made, embracing ninety-nine parcels of land, and under the statutes as cited above the tax collector was entitled to charge for levy and deed for the whole, $3.50, or about four cents for each parcel, and twenty-five cents for advertising each parcel, making a total cost of twenty-nine cents which might be charged against the land in controversy. The amount charged was $2.50, that is, $2.21 more than was lawful.

Is the recital in the deed of the amount of tax and cost for which the land was sold conclusive against the purchaser? By article 5198, Revised Statutes, before copied into this opinion, the tax collectors of towns or cities were required to observe the same rules, in selling land and in making deeds, as was provided for the government of tax collectors of the counties. Article 5185, Revised Statutes, so far as applicable to this question, is in the following language: "The collector of taxes shall execute and deliver to the purchaser, upon the payment of the amount for which the estate was sold and costs and penalties, a deed for the real estate sold, * * * which deed shall state the cause of sale, the amount sold, the price for which the real estate was sold, the name of the purchaser, firm, company or corporation, on whom the demand for taxes was made." It will be observed that the law requires that the deed shall state the cause of the sale, which we understand to be the failure to pay the taxes assessed against the property and the cost of levying and advertising it for sale.

Article 5185, Revised Statutes, provides that the deed to be made by the assessor and collector upon a sale for city taxes shall be conclusive evidence "that the property was sold for taxes or assessments as stated

in the deed." Taking this language in connection with that quoted from article 5185, we think that it means that the deed of the tax collector made in pursuance of a sale for city taxes shall recite the failure of the owner of the property to pay the taxes for the years for which the sale was made, and also the cost of making the sale, stating the amount of each, and that this recital is conclusive proof of the facts stated. As against the purchaser it was competent for the Legislature to make the deed conclusive proof of the facts stated therein, for the reason that he voluntarily accepts it and asserts title under it. If the facts are not correctly stated in the deed he can have it corrected.

Independent of the statute, the recital in the deed would be conclusive upon the purchaser, and estop him to deny that this land had been sold for ten dollars taxes and two dollars and fifty cents costs. French v. Edwards, 13 Wall., 506; Brady v. Dowden, 59 Cal., 51; Den v. Morse, 7 Halst., 331; Sharon v. Shaw, 2 Nev., 289. In French v. Edwards, above cited, the court said: "The vendee, by accepting the conveyance with this solemn declaration of the officer as to the manner in which his power was exercised, would be estopped from denying that the fact was as stated."

We answer the first question that the sum shown in the deed as cost for which the land was sold was in excess of what the law authorized; and that the recital in the deed from the tax collector to the City of Henrietta was conclusive upon the latter and estops the city to deny the facts as stated.

The second point of dissent certified contains two questions, which we state as follows:

1. Was the sale of the land void on account of the excess of costs for which it was sold?

2. If void, could the owner of the land defend against the deed without paying all taxes legally due on the land?

The sale of the land was void because the tax collector sold it for an amount greater than the law authorized him to charge. Lufkin v. Galveston, 73 Texas, 343. In that case the court said: "It is said in the case cited that "the rule as established by the authorities is that if the excess be as much as the smallest coin authorized by law the sale is void." See also Huse v. Merriam, 2 Greenl., 375; Case v. Dean, 16 Mich., 12. There is reason for the rule. It is to the interest of the public that illegal taxes should be so declared, and a trivial sum exacted of each taxpayer becomes a matter of importance as applied to the body of the taxpayers at large, and may become important in amount to each individual owner of property by reason of the continued exactions of successive years."

We deem it neccessary to a clear understanding of the matter to review to some extent the former opinions of this court upon the second point embraced in the second question.

Upon a former appeal of this case to the Court of Civil Appeals of the Second Supreme Judicial District, that court certified to this court the

following question: "3. If the action of the court was correct in holding the tax deed void by reason of the sale having been made to pay a larger amount than was due, or if it should appear that the deed is void by reason of insufficient description of the property conveyed, could appellee avail himself of such defects without showing the payment or tender of the taxes legally due on the property?" To which this court replied: "This provision applies to tax sales the equitable rule that, where a purchaser at a void sale has discharged a lien upon the property, the owner will not be permitted to recover the property without first paying the sum applied to the discharge of the lien. In case of purchase by the city, as in this instance, we think it was in the power of the Legislature to require the payment of all taxes due upon that property as a condition to the right of the delinquent to set up defects in the title of the city." City of Henrietta v. Eustis, 87 Texas, 14. Upon this answer the Court of Civil Appeals reversed the judgment of the District Court and remanded the case.

In case of Ozee v. The City of Henrietta, 90 Texas, 334, the Court of Civil Appeals of the Second Supreme Judicial District certified to this court the following question: "Fourth. Does the ruling of the Supreme Court in answer to third certified question in the case of City of Henrietta v. Eustis, 26 S. W. Rep., 619, apply to the facts of this case as herein presented, so as to debar defendants from defenses to plaintiff's suit as based upon said deed, when it can not be said, in the language of the opinion, that the land in suit was acquired under the deed?" To which question this court replied by Chief Justice Gaines as follows: "In answer to the fourth question we will say, that the ruling in the case of City of Henrietta v. Eustis, 87 Texas, 14, does not affect the determination of the questions certified in the present case." The Chief Justice then proceeds to show that the question then presented was not properly involved in that which was certified in Henrietta v. Eustis, and therefore was not decided, and concludes in this language: "The statement embraced in the certificate showed that the first question was in the case. It did not show that the deed was void for insufficiency of description, and therefore the second, while hypothetical in form, appeared to us in fact abstract. It was therefore not considered, and our answer was to the first of the alternative questions, submitted as one, and was not intended to embrace the second." This opinion by Chief Justice Gaines was delivered January 28, 1897.

Upon the second appeal of this case the Court of Civil Appeals affirmed the judgment of the District Court, Justice Hunter dissenting; upon which dissent that court certified to this court for its opinion, with others, the following question of law: "Second. If not (that is, if the deed was not void for uncertainty of description) then was the sale and deed void; and if void, could appellants dispute the validity thereof without paying, or at least tendering, all taxes due, and as included within this question is the law requiring this to be done constitutional?" The opinion of this court, in answer to the question pro-

pounded, was filed March 8, 1897. In reply to the question quoted, this court said: ''The majority of the Court of Civil Appeals construed the opinion of this court in the same case, delivered upon certified question, as holding that law to be constitutional.'' Citing the case in which the former opinion was rendered and quoting from that opinion, as we have hereinbefore quoted in this opinion, this court continues: ''It is evident that the court did not have in mind the constitutional question involved, while discussing the provisions of article 447, and we have examined the briefs and arguments then before us and find that the constitutionality of the law was not raised, although some of the authorities cited treat of the question in that light. The language quoted from the former opinion shows that the question decided in that case was that the law might require of the owner the payment of taxes other than that for which the sale was made. This court would not have passed upon a constitutional question without mentioning the constitution itself.'' In the last opinion the court then proceeds to quote from article 447 and said: ''The effect of this provision, as applied to the facts of this case, is to deny the defendant Eustis, when sued for the property by the City of Henrietta, the right to defend his title and possession of the property against the city by showing that the city had acquired no title under the proceedings through which it claimed.'' The opinion then proceeds to discuss the question, citing authority, and concludes: ''We answer the second question that the law, in so far as it required the payment of taxes as a precedent to making a defense against a void claim for title under a tax sale, is unconstitutional, and therefore the defendant could, under such circumstances, make his defense without either paying, offering to pay, or tendering the money into court.''

After this court had ''notified'' the Court of Civil Appeals of our decision upon the questions of dissent, that court adhered to its former judgment, Justice Hunter dissenting again; whereupon that court certified the points of dissent before copied. The second point in the second question is the same in substance as the third question certified in the former certificate of dissent, to which this court gave an explicit answer.

We call attention of the Honorable Court of Civil Appeals to article 1042, Revised Statutes, which reads thus: ''After the question is decided the Supreme Court shall immediately notify the Court of Civil Appeals of their decision, and the same shall be entered as the judgment of said Court of Civil Appeals.''

It is the duty of the Court of Civil Appeals to enter judgment in this case in accordance with the answers given to the former certificate of dissent, to which we respectfully refer that court for answer to this question.

It is unnecessary for us to answer the third question, since we hold that the owner could not be required to pay the taxes as a condition precedent to making the defense.

In addition to the authorities cited in our last opinion upon the question of the constitutionality of article 447, Sayles' Revised Statutes, we call attention to the case of Lufkin v. Galveston, 73 Texas, 342, in which practically the same question was involved. In that case the lot in controversy had been sold for seventy cents in excess of what was legal, and the question arose whether the invalidity of the deed could be shown without making proof "that the land was not subject to taxation at the date of the sale, that the taxes or assessments had been paid, that the land had never been listed and assessed for taxation and assessments, or that the same had been redeemed." Judge Gaines, for the Court, said: "The Constitution limits the power of the Legislature to declare the conclusive effect of a tax deed. As to these facts, which must exist in order to call into exercise the power of the officer to make the sale—the facts essential to give him jurisdiction over the property —an inquiry in the courts of the country can not be precluded. To say that this could be done would be to hold that the owner could be deprived of his property by the arbitrary action of an officer proceeding under the pretense of lawful authority. This would be simply to enable one man to transfer the property of another for a purpose not authorized by law, and would not be according to the due course of the law of the land. McCready v. Sexton, 29 Ia., 356. We think, to make a tax sale valid, the collector should have the power to sell, not only for a part, but for the whole of the amount he is attempting to collect, and that the excess of interest charged in this case is a question affecting the authority of the officer to make the sale. The language of the statute does not necessarily require a construction which would preclude the owner from raising this question. We hold that it was not intended by the Legislature that such construction should be placed upon it."