## WALTER BROWN v. A. BONOUGLI.

### No. 3036.   Decided June 15, 1921.

### (232 S. W., 490.)

**1.—Tax Sale—Costs.**

On a sale under judgment of court foreclosing a lien for taxes the clerk was not entitled to tax and recover costs nor the sheriff to retain as commissions on the sale amounts in excess of those prescribed in article 7691, Revised Statutes.   (P. 278).

**2.—Same—Sheriff's Commission.**

The purchaser at a tax sale, being in no way responsible for the amount retained by the sheriff as commissions out of the amount of his bid, is not affected nor his title under the sale invalidated by the fact that the commissions so retained were in excess of those allowed by law.   (P. 278).

**3.—Same—Clerk's Cost.**

To show title under a summary tax sale it must appear that every legal requirement pertaining to the sale has been strictly complied with, and such sale would be void if the amount for which it was made included fees taxed for officers in excess of those allowed by law. Davis v. Farnes, 26 Texas, 298; Meredith v. Coker, 65 Texas, 30; Lufkin v. City of Galveston, 73 Texas, 340; Eustis v. City of Henrietta, 87 Texas, 18, 91 Texas, 329.   (P. 279).

**4.—Tax Sales—Judgment Foreclosing Lien—Constitution.**

The Legislature had power to provide, as it has done, for the enforcement of taxes by the foreclosure of the lien therefor by the judgment of a court of competent jurisdiction, instead of summary seizure and sale; nothing in the Constitution forbids its so doing.   (P. 280).

**5.—Taxation—Sale Under Judicial Foreclosure.**

The statutes providing for sales for taxes under judicial decree of foreclosure afford the owner full opportunity to defend against an unjust claim and to prevent the sacrifice of his property on the sale (Rev. Stats., arts. 7688, 7689); and the validity of the title acquired by the purchaser at such sale is determined by the rules governing judicial sales, and not by those applicable to summary seizures and sales.   (Pp. 279, 280).

**6.—Statutory Construction.**

Where the words of a statute are plain and unambiguous there is no necessity for resorting to technical rules of construction to determine the legislative intent.   (P. 281).

**7.—Tax Sale—Judicial Decree—Excessive Costs.**

The inclusion in an execution or order of sale of excessive costs renders the sale merely irregular and voidable, but not void.   A sale for taxes under judicial foreclosure in court, though the judgment for which it was sold was excessive by reason of the inclusion of clerk's fees not authorized by law, was not for that reason void and subject to collateral attack. Rulings contra in Hill & Jahns v. Lofton, 165 S. W., 71; and Teat v. Perry, 216 S. W., 650, disapproved.   (Pp. 281-283).

8.—Same—Cases Followed.

Hughes v. Driver, 50 Texas, 175; Fitch v. Boyer, 51 Texas, 345; Williams v. Ball, 52 Texas, 610; Simmons v. Arnim, 110 Texas, 330; Irvin v. Ferguson, 83 Texas, 493; Crosby v. Bannowsky, 95 Texas, 451; Bean v. City of Brownwood, 91 Texas, 688, discussed, approved and followed. (Pp. 281-283).

Error to the Court of Civil Appeals for the Fourth District in an appeal from Webb County.

Brown sued Bonougli for the recovery of real property and recovered judgment. On defendant's appeal this was reversed and judgment renderd in his favor, whereupon appellee obtained writ of error.

*T. C. Mann* and *C. M. Henry,* for plaintiff in error.

A tax sale of land for an amount in taxes or costs in excess of that authorized by law to be charged is void. Hill & Jahns v. Lofton, 165 S. W., 67; Eustis v. City of Henrietta, 91 Texas, 329; May v. Jackson, 73 S. W. 988; Lufkin v. City of Galveston 73 Texas, 340; Hollywood v. Wellhousen, 28 Texas Civ. App., 541, 68 S. W. 329; Articles 3729, 7691 Revised Statutes;

*Hicks, Hicks, Teagarden & Dickson,* for defendant in error.

We contend that sales under judgment foreclosing tax liens are on the same footing as ordinary judgments and foreclosures and are to be judged by the rules applicable thereto. Kelley v. Laconia, Levee Dist, 74 Ark., 202, 85 S. W., 251; Darling v. Purcell, 100 N. W., 729; Smith v. Auditor, 101 N. W., 807; Sykes v. Speer, 112 S. W., 425; Bean v. Brownwood, 43 S. W. 1042-3; Lessees v. Huse, 9 Ohio, 154-163; Dwight v. Waldion, 164 Pac., 761, last page of opinion.

As to collection of costs generally in ordinary foreclosures, even where made directly by motion, see: Hamant v. Creamer, 63 Atl., 736-9; Shirran v. Dallas, 132 Pac., 458; Smith v. Foxworthy, 57 N. W., 995; Flynn v. Kalamazoo, C. J. 98 N. W., 740; Bogle v. Bloom, 13 Pac., 793; Berry v. Gates, 56 N. E., 581; Hancock v. Metz, 15 Texas, 205-6; Bridges v. Samuelson, 73 Texas, 522; Allen v. Woodson, 60 Texas 651; Farquhar v. Hendley, 24 Texas, 300; Glameyer v. Hamilton, 60 S. W., 471; Baldwin v. Foster, 108 Pac., 716; Jackson v. Finlay, 40 S. W. 427; Letton's Admr. v. Rafferty, 157 S. W., 36; Marshall v. Green, 1 S. W., 602; Burnett v. Gamble, 1 Texas, 12-14; Van Fleet, Collat. Attack, Secs. 12, 724, 844; Hughes v. Driver, 50 Texas, 175; Williams v. Ball, 52 Texas, 603; Alston v. Emmerson, 83 Texas, 231; Frink v. Roe, 11 Pac., 821; Harrold v. Doyle, 102 Pac., 158; Sherrard v. Johnson, 44 Atl., 252; Young v. Schofield, 132 Mo. 650, 34 S. W., 497; Norman v. Eastburn, 130 S. W., 281. Mere irregularities do not vitiate an execution sale, especially as here where no harm shown or alleged down: Freeman on Exe-

cutions, Sec. 339; Driscoll v. Morris, 2 Texas Civ. App., 603, 21 S. W., 629; Brackenridge v. Cobb, 2 Texas Civ. App., 161, 21 S. W., 617; Moore v. Johnson, 12 Texas Civ. App., 694, 34 S. W., 773; Bludworth v. Poole, 21 Texas Civ. App., 551, 53 S. W. ,719; Howard v. North, 5 Texas, 290; Sydnor v. Roberts, 13 Texas, 601; Hawley v. Bullock, 29 Texas, 217; Riddle v. Turner, 52 Texas, 145; Boggess v. Howard, 40 Texas, 153-159-160.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

On June 29th, 1905, the City of Laredo recovered a judgment in the District Court of Webb County, against Stephen E. Rice for $31.12, being taxes on certain blocks of land in the City of Laredo and penalties, with foreclosure of lien on the blocks. The clerk was directed to issue an order of sale, directed to the sheriff or any constable of Webb County, commanding him to seize and sell said blocks, as under execution, and to apply the proceeds of the sale to the satisfaction of the judgment and all costs of the suit.

On August 5, 1905, the district clerk issued an order of sale on said judgment, showing clerk's costs to be collected in excess of $1.50, such costs being taxed as in an ordinary civil case.

After due notice, the blocks foreclosed on were sold by the sheriff, under the order of sale, at public vendue, before the court house door of Webb County, during lawful hours, on September 5, 1905, when defendant in error, A. Bonougli became the purchaser of all said blocks, save two, for $45.50, and thereafter; the sheriff conveyed to defendant in error the blocks he had purchased.

Out of the proceeds of sale, the sheriff retained the sum of $1.25 for commissions to himself, as on an ordinary execution sale, and paid to the district clerk as his costs a sum in excess of $1.50.

On May 18, 1912, Stephen E. Rice quitclaimed certain of the blocks, which were purchased at the sheriff's sale by defendant in error, to John M. Daniel, who, on February 1, 1913, conveyed same to Walter Brown, plaintiff in error; and Brown thereafter filed this suit to recover the blocks of defendant in error.

The trial court concluded that the sheriff's sale to defendant in error was void, because made for clerk's and sheriff's fees which were excessive in amount, and rendered judgment that plaintiff in error recover of defendant in error the blocks sued for, on refunding certain amounts to defendant in error.

The Court of Civil Appeals decided that the sheriff's sale was not void, reversed the judgment of the trial court, and rendered judgment that plaintiff in error, Walter Brown, take nothing by his suit.

The Amarillo Court of Civil Appeals had previously determined in Hill & Jahns v. Lofton, 165 S. W., 71, that a sheriff's sale of real estate, under a judgment foreclosing a tax lien, was void, where the real estate was sold to pay excessive items of costs, which appeared in the bill attached to the order of sale.

The writ of error was granted because of the conflict between the holdings of the Court of Civil Appeals in this case and in the case of Hill & Jahns v. Lofton, supra. While the writ of error has been pending, the Galveston Court of Civil Appeals, in Teat v. Perry, 216 S. W., 650, has announced conclusions in line with the opinion in Hill & Jahns v. Lofton.

The Court of Civil Appeals was plainly right in holding that the clerk and sheriff were not entitled to collect fees in excess of those prescribed by article 7691 Vernon's Sayles' Texas Civil Statutes.

The title of a purchaser of land at a sheriff's sale, under a valid judgment and a valid order of sale, is not affected by the unauthorized retention by the sheriff of more than his lawful commissions. The land is not sold nor offered for sale to pay any certain sum for commissions to the sheriff. The purchaser pays no commissions. He pays the amount of his bid. Having paid the amount of his bid, the purchaser, at a sheriff's sale, otherwise valid, becomes entitled to his deed from the sheriff. Being in no wise connected with nor responsible for the default of the sheriff alone to lawfully account for the proceeds of the sale, such default can in no wise operate to defeat the purchaser's title. Moore v. Rogers, 100 Texas, 363. 99 S. W., 1023; Bean v. City of Brownwood, 43 S. W., 1042.

The serious question in the case is whether the sheriff's sale was void because for an amount greater than that authorized by law to the extent of the excess in the clerk's fees.

It is urged in behalf of defendant in error that it was not shown that the land was sold for an excessive amount, for clerk's fees, but instead that the sheriff paid the clerk a greater sum than was lawful from the proceeds of 'the sale. The Court of Civil Appeals appears to have adopted that view. We do not so construe the trial court's findings, on which the case is to be reviewed. These findings are that there was taxed and collected a sum in excess of $1.50 as costs of the district clerk in the foreclosure suit. It must be presumed, in the absence of opposing evidence, that an endorsement was made by the clerk on the order of sale, "of the several items of the bill of costs to be collected," as required by article 3729 of the Revised Statutes. There is no warrant for any other inference than that the endorsement made by the clerk was in accord with the items which he both taxed and collected.

The order of sale, therefore, is to be considered as commanding the officer to seize and sell the blocks foreclosed on to satisfy not only the amount recovered for taxes and penalties but an amount for costs, which was excessive and not authorized by the judgment or the law. Was the order of sale void, as found by the trial court, because it bore the endorsement of illegal and excessive items of costs?

It has been invariably exacted of one asserting title under a summary tax sale to show that every legal requirement pertaining to the sale has been strictly and scrupulously complied with. Not only must each thing prescribed by law be done in advance, and at the time, of the exercise of the power to sell, but it must be done exactly as prescribed. Davis v. Farnes, 26 Texas, 298, 299; Meredith v. Coker, 65 Texas, 30.

So, it was decided in Lufkin v. City of Galveston, 73 Texas, 340, 11 S. W., 340, that the addition of more interest on taxes than was authorized by law affected the power of a tax collector to make a summary sale to pay the taxes together with the excessive interest, the court saying: "We think to make a tax sale valid the collector should have the power to sell not only for a part but for the whole of the amount he is attempting to collect."

The rule announced in Lufkin v. Galveston, supra, was held to render void a summary sale by a tax collector of land, where the amount of taxes and costs for which the land was sold was excessive by reason of the tax collector's charge of too much for his levy and deed. Eustis v. City of Henrietta, 91 Texas, 329, 43 S. W., 259.

The decisions in the two cases last cited were succinctly summarized by Judge Brown, who wrote the opinion in Eustis' case, as follows: "A sale, made in the summary manner usual in collecting taxes, for a sum exceeding that which is a lawful claim against the property has been held by this court to be void." Nalle v. City of Austin, 91 Texas, 426, 44 S. W., 66.

Speaking of the method of collecting taxes under levy and sale by the tax assessor and collector, the court said in City of Henrietta v. Eustis, 87 Texas, 18, 26 S. W., 620: "It is not a remedy given for the benefit of the taxpayer; it is harsh and summary to that degree that courts have universally held that its provisions being for the benefit of the State must be strictly pursued in order to divest title of the owner."

The rule that it is essential to the power to summarily sell land for delinquent taxes that every legal requirement relating to the exercise of the power be absolutely fulfilled springs from the nature of the power as derived entirely from the statutes, and from the nature of the proceeding as harsh, peremptory, ex parte, and administrative. Blackwell on Tax Titles, Secs. 121, 131.

Ought the same rule to be applied to sales for the collection of taxes, under decrees of foreclosure, rendered by courts having jurisdiction over the delinquent property, on proper notice to the owner?

None of the controlling reasons which support the rule in summary sales apply to judicial foreclosures of tax liens. Where the

sheriff sells to satisfy a judicial foreclosure of a tax lien, his authority is no more derived *entirely* from the statutes than when he sells under an ordinary execution. The valid judgment of a court of competent jurisdiction and a writ for the enforcement of the judgment are essential to confer on the sheriff the power to sell. Bailey v. Block, 104 Texas, 105, 134 S. W., 323; President & Selectmen of Natchez v. Minor, 10 Smedes & Marshall's Reports (18 Miss.), 263. A sale, ordered by a court of record, after its jurisdiction has attached over the property and owner, to satisfy an established debt and lien, is not administrative; and, the indispensable judgment, on formal pleadings, after due notice, prevents the procedure from being harsh, ex parte, or summary.

The statutes authorizing suits to foreclose tax liens were attacked on the ground that our Constitution authorized only summary sales for taxes. In upholding the statutes, the Galveston Court of Civil Appeals, in an opinion of Chief Justice Garrett, expressly sanctioned by this court, said: "The Constitution certainly does not, either in terms or by implication, prohibit legislation providing for the foreclosure of the lien for taxes in the courts and a sale thereof by judicial decree. The legislature clearly had the power to provide such manner for the collection of taxes. . . . There is no prohibition against judicial sales in the constitution of 1876." League v. State, 56 S. W., 263; League v. State, 93 Texas, 553, 57 S. W., 35; League v. State, 184 U. S., 156.

The Legislature not only provided for a judicial tax sale in contrast with the former summary tax sale, but it was careful to secure the property rights of the owner from invasion.

After imposing the duty on certain officers to cause suits to be filed in the proper district courts to recover unpaid taxes, interest, penalty and costs, and to subject the lands to which the tax lien had attached to sale to satisfy such lien, the Legislature provided: "The proper parties shall be made parties defendant in such suits, and shall be served with process and other proceedings had thereon as provided by law for suits of like character in the district courts of this State; and, in case of foreclosure, an order of sale shall issue, and the land sold thereunder as in other cases of foreclosure." Articles 7688, 7689 Vernon's Salyes' Texas Civil Statutes.

The owner is here afforded full opportunity to defend an unfounded or unjust claim for taxes. After the claim is reduced to judgment, the owner has the same opportunities to prevent the sacrifice of his property as in other judicial foreclosures and sales. It seems to us not to admit of reasonable doubt that the validity of the sale under judicial foreclosure of a tax lien is to be determined by the rules governing judicial sales and not sales purely statutory and summary.

The law is thus plainly written in article 7689. The proceedings before judgment are to conform to the practice in other suits in the district court for the enforcement of liens on land. A foreclosure on the land being decreed, it is prescribed in language clear and unambiguous, that an order of sale is to be issued and the land is to be sold *"as in cases of other foreclosures."*

Mr. Blackwell states a familiar rule in this language: "Where the words of a statute are plain and unambiguous, there is no necessity for resorting to technical rules of construction, but the legislative will, as expressed, must be obeyed." 1 Blackwell on Tax Titles, sec. 139.

Judge Cooley says: "The underlying principle of all construction is that the intent of the legislature should be sought in the words employed to express it, and that when found it should be made to govern, not only in all proceedings which are had under the law, but in all judicial controversies which bring those proceedings under review. Beyond the words employed, if the meaning is plain and intelligible, neither officer nor court is to go in search of the legislative intent; but the legislature must be understood to intend what is plainly expressed, and nothing then remains but to give the intent effect." 1 Cooley on Taxation, (3rd Ed.), 450.

If it were premissible or necessary to look beyond the plain language of the statute, it would seem manifest that it was the intent of the Legislature to remedy the evils, which had been inseparable from the futile attempts to collect taxes through summary sales of land, by authorizing their collection through judicial sales. The evils of the method of summary sales were: first, disregard of the owner's property rights in dispensing with notice and an opportunity to be heard; and, second, inability of the government to compel payment of that to which it was lawfully entitled. The second evil was the natural outgrowth of the first. Taxes could not be collected, save to a small extent, by sales which passed nothing. The nullity of the sales resulted from the practical impossibility of proving punctilious compliance with each and every legal requirement. Yet, in no other manner than by exacting proof of such compliance could the owner's right and title be protected from unjust invasion. The remedy which the Legislature adopted for these evils was to throw around the owner's right and title every safeguard furnished by due and orderly judicial procedure; and, to put the tax sale, in consummation of a valid judicial foreclosure, on the same plane, with respect to collateral attack, as other execution sales.

It is the settled law of the State that such a defect in an execution as the inclusion therein of an excessive charge for costs renders it merely irregular but not void. Hughes v. Driver, 50 Texas,

175; Fitch v. Boyer, 51 Texas, 345; Williams v. Ball, 52 Texas, 610, 36 Am. Rep., 730; Simmons v. Arnim, 110 Texas, 330, 220 S. W., 66.

In Irvin v. Ferguson, 83 Texas, 493, 18 S. W., 820, suit was brought to set aside a sale under an execution on a judgment of the district court, and it appeared that the execution included items of cost not embraced in such judgment, but it was determined that the execution and sale were merely voidable and not void.

The San Antonio Court of Civil Appeals certified to the Supreme Court the question whether the failure to appoint an attorney to represent a defendant cited by publication, in a tax foreclosure suit, as required by statute, would authorize the setting aside of the sale. In answer to the question it was announced that the failure to comply with the statute was an irregularity which would not affect the purchaser's title, and that the decree of foreclosure of the tax lien, rendered without the appointment of an attorney to defend the suit, was valid. Crosby v. Bannowsky, 95 Texas, 451, 68 S. W., 47.

The opinion of Judge Brown in Crosby v. Bannowsky, supra, cites Coker v. Dawkins, 20 Fla., 152, wherein it was said: "A bona fide puchaser at a sheriff's sale is protected by the presumption that the judgment of a competent court of record has been correctly rendered and that the execution in the hands of the officer has been regularly issued. He may fairly presume that the sheriff in the discharge of his duties has acted according to law."

Failure to give notice to the owner of land to be sold at a summary tax sale has always been fatal to the acquisition of title by a purchaser at the sale. 1 Blackwell on Tax Titles, sec. 486; Henderson v. White, 69 Texas, 103, 5 S. W., 374.

At the same term at which it was declared in Eustis v. City of Henrietta, 91 Texas, 329, 43 S. W., 259, that a collector's charge of excessive costs would defeat a summary tax sale, the court considered the effect of failure to give notice of sale to the owner, as required by article 3757, on the sheriff's power to sell land, under a decree foreclosing a tax lien. In discussing the question the court said: "No other act required by the law to be done by the officer in the enforcement of such writ is of greater importance to the defendant than that of giving to him notice of the sale and of the time and place when it would occur." Again the court said: "The failure by the officer to comply with the law in that respect is a denial of a valuable right. . . . The statute was enacted by the Legislature of this State to correct a common evil and should be construed so as to preserve the right given to the defendant and to enforce the observance of the requirements of the law by the officers charged with the execution of such process." It was nevertheless decided that the failure to give the notice required by the

statute to the execution defendant was no more than an irregularity
which, while of the gravest character, did not deprive the sheriff
of his power to sell, and that the sale and deed, though voidable,
were not subject to collateral attack. Bean v. City of Brownwood,
91 Texas, 688-690, 45 S. W., 897.

The judgment foreclosing the tax lien was not only valid but seems
to have been entirely regular. The attack on the sale is collateral.
The order of sale was not issued without authority. The manner
in which the clerk issued the authorized writ was erroneous and ir-
regular. The sale under the valid judgment and the merely er-
roneous and irregular writ was not a nullity. Hence, the title of
the purchaser was good against collateral attack.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*