## LIPSCOMB v. JAPHET et al. (No. 8241.)

Court of Civil Appeals of Texas. San Antonio. June 19, 1929.

Rehearing Denied July 3, 1929.

R. L. Neal and E. P. Lipscomb, both of San Antonio, for appellant.

Morriss & Morriss, Davis & Wright, and Hicks, Hicks, Dickson & Bobbitt, all of San Antonio, for appellees.

COBBS, J. This was a suit in the nature of an action in trespass to try title to land, instituted by appellant against appellees. Appellant claimed title to the property by virtue of purchase in a foreclosure suit by the state of Texas against Mrs. Sarah Okerland, for taxes due for the year 1924. According to the return on the citation, made by John Subira, deputy sheriff, personal service was had on the defendant Mrs. Sarah Okerland in San Antonio, on August 28, 1925, and judgment was rendered in said cause on March 17, 1926, for $51.20, being the amount claimed for state and county taxes, interest, penalty, and costs. The said judgment contained a recital that "the defendant, although duly cited, came not but wholly made default." The sale was made under this tax judgment on June 1, 1926, and appellant purchased the property for $62.28, receiving the sheriff's deed therefor. Mrs. Okerland died intestate December 11, 1927. This suit was filed by appellant against appellee Eloise Japhet, as the sole heir of Mrs. Okerland, and against A. K. Japhet and the mortgagees, in the nature of trespass to try title; appellant claiming the property through the tax sale.

Appellees, in addition to their plea of not guilty, filed their cross-bill to set aside the tax sale for sundry irregularities and setting up the further defense that no service was in fact ever had on Mrs. Okerland.

Trial was had before a jury. The court found, and the testimony established the fact,

that no personal service of the citation was ever made upon Mrs. Okerland, and in fact she had no knowledge thereof, or of the suit, the judgment, or the sale thereunder. The evidence clearly shows that no personal service whatever was made upon her. Nothing is better settled than that a judgment obtained without service is a nullity. No question is better settled by authorities than that the same may be collaterally attacked.

■ When the element of fraud or mistake is involved in the issue of an attack upon a judgment, it is generally held that the attack is direct. A collateral attack is one to impeach the judgment by matter outside the record.

■■ If this question had not been settled prior to the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, then it was for all time settled by Judge Denman's opinion for the court in that case, and it has been followed and many times cited with approval. There is no reason why this sale may not be questioned under all the authorities.

The judgment and sale included interest on the taxes from January, 1925, to June 14, 1926. The taxes sued for were for the year 1924, which would not become delinquent until February 1, 1925, though the sale was made June 1, 1926. The suit expressly included the allegation and plea for a county attorney's fee of $2, whereas the judgment and sale included $5.00 as a county attorney's fee. A tax sale that includes an excess legal fee is void, and the sale is thereby subject to a collateral attack without consideration as to the extent of the excess. Eustis v. City of Henrietta, 91 Tex. 325, 43 S. W. 259; Hill v. Lofton (Tex. Civ. App.) 165 S. W. 67; Teat v. Perry (Tex. Civ. App.) 216 S. W. 651; Lufkin v. City of Galveston, 73 Tex. 340, 11 S. W. 340; May v. Jackson (Tex. Civ. App.) 73 S. W. 988.

These cases are distinguishable from the case of Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490, cited by appellant.

■ Appellees Allardyce and Martin held a valid lien against the property in question by virtue of a deed of trust for $3,000, duly recorded, and executed by decedent to secure her note for $3,000 in favor of Allardyce and Martin. Though the statute requires all lienholders to be made parties, they were not; but by the terms of their deed of trust were given the express authority to pay any delinquent taxes against the property. Shortly after the filing of this suit appellee Japhet and Allardyce and Martin tendered to appellant $150 in satisfaction of his claim and to extinguish the lien and tax deed, but it was declined by appellant; and the tender was made and continued though refused. These parties, with a continuing tender at all times, had the right to redeem the land from appellant's tax sale, which legally extinguished appellant's claim to the land.

We do not think the court erred, either in its findings or judgment.

The judgment is accordingly affirmed.