## LANTRON v. JOS. GREENSPON'S SONS IRON & STEEL CO.

### No. 4193.

Court of Civil Appeals of Texas. Amarillo.
March 19, 1934.

Hiram K. Aynesworth, of Borger, for appellant.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellee.

MARTIN, Justice.

On and prior to December 9, 1931, appellee was the owner of personal property alleged to be worth more than $5,000, situated on a ground lease of approximately six acres of land in the town of Borger. County and state taxes on same were delinquent for the year 1930, and on said last-mentioned date the tax collector of Hutchinson county posted a notice that he would on December 19, 1931, sell said personal property for the taxes of 1930, amounting to $119.40, plus penalty and interest, shown to be $8.43. On the last-mentioned date he did sell said property to George Norris for $150. Thereafter Norris sold same to appellant, Lantron, who subsequently paid alleged delinquent taxes on same to the Borger independent school district and to the city of Borger. A suit was thereafter filed in the district court of said county by appellee, setting up, among others, the above facts, and asking for a judgment declaring said sale void, and for an injunction restraining Norris and Lantron from trespassing upon said property, etc. Lantron filed answer, alleged the validity of the sale, and sought reimbursement for all taxes paid by Norris and himself, in case the sale was held invalid. Judgment was for appellee. Lantron has appealed.

The total amount alleged to be due on said property included penalty and interest, which the Legislature had theretofore remitted on condition of payment of taxes by January 31, 1932. See section 1, c. 18, Acts Second Called Session (1931), 42d Legislature (Vernon's Ann. Civ. St. art. 7336 note). This rendered the sale in question void. We quote from the Supreme Court:

"It has been invariably exacted of one asserting title under a summary tax sale to show that every legal requirement pertaining to the sale has been strictly and scrupulously complied with. Not only must each thing prescribed by law be done in advance, and at the time, of the exercise of the power to sell, but it must be done exactly as prescribed. Davis v. Farnes, 26 Tex. 296, 298; Meredith v. Coker, 65 Tex. 30. So it was decided in Lufkin v. City of Galveston, 73 Tex. 340, 11 S. W. 340, that the addition of more interest on taxes than was authorized by law affected the power of a tax collector to make a summary sale to pay the taxes together with the excessive interest; the court saying:

"'We think, to make a tax sale valid, the collector should have the power to sell not only for a part, but for the whole, of the amount he is attempting to collect.'

"The rule announced in Lufkin v. Galveston, supra, was held to render void a summary sale by a tax collector of land, where the amount of taxes and costs for which the land was sold was excessive by reason of the tax collector's charge of too much for his levy and deed. Eustis v. City of Henrietta, 91 Tex. 329, 43 S. W. 259. The decisions in the two cases last cited were succinctly summarized by Judge Brown, who wrote the opinion in Eustis' Case, as follows:

"'A sale made, in the summary manner usual in collecting taxes, for a sum exceeding that which is a lawful claim against the property, has been held by this court to be void.' Nalle v. City of Austin, 91 Tex. 426, 44 S. W. 66.

"Speaking of the method of collecting taxes under levy and sale by the tax assessor and collector, the court said in City of Henrietta v. Eustis, 87 Tex. 18, 26 S. W. 619, 620:

"'It is not a remedy given for the benefit of the taxpayer; it is harsh and summary to that degree that courts have universally held that its provisions, being for the benefit of the state, must be strictly pursued in order to divest title of the owner.'" Brown v. Bonough, 111 Tex. 275, 232 S. W. 490, 491.

We deem it unnecessary to lengthen this opinion by a discussion of other grounds alleged and proven by appellee to show the invalidity of such sale, since the above furnishes a compelling reason for the trial court's action.

■ It is equally clear that appellant was not entitled to be subrogated to the rights of the state, county, city, and school district for the amount of the alleged taxes paid by him on said property. He was a mere volunteer. He not only had constructive, but actual notice, prior to his purchase, of the existence of facts which made the said sale absolutely void. It is uniformly and pointedly held that in the absence of remedial legislation giving the right, one is not entitled to the relief asked for here, in cases of this character. McCormick v. Edwards, 69 Tex. Civ. App. 106, 6 S. W. 32; Mumme v. McCloskey, 28 Tex. Civ. App. 83, 66 S. W. 853, and authorities there cited; Toler et al. v. Fertitta (Tex. Com. App.) 67 S.W.(2d) 229.

The judgment is affirmed.