### JOSEPH NALLE v. CITY OF AUSTIN.

Application No. 1764.—Motion No. 523.—Decided January 31, 1898.

**1. City Taxation—Tax Illegal in Part.**

The City of Austin, in 1893, levied taxes sufficient to pay the interest and provide for the sinking fund on an issue of bonds for public improvements to the amount of $1,400,000, which had been authorized, prepared and signed in 1890, but of which only the amount of $950,000 had been sold at the time of the levy, the remainder being still held by the city. In a suit against a tax payer to recover such tax it was proper for the court (conceding that the city had no authority to levy taxes to pay interest and raise a sinking fund on the bonds not sold) to apportion the taxes and give judgment for that part which might lawfully have been levied,—such part being capable of definite ascertainment. (Pp. 425, 426.)

**2. Same.**

If the entire levy of this tax were void the court could not make a levy of what the city council should have levied. (P. 426.)

**3 Same.**

The case distinguished from those involving the validity of summary sales made for excessive amount of taxes or the levy of amounts or rates in excess of the power of the corporation. (P. 426.)

**4. Case Distinguished.**

Dean v. Lufkin, 54 Texas, 265, distinguished. (P. 426.)

APPLICATION for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The City of Austin sued Nalle to recover taxes assessed against him and had judgment as shown in the opinion. Defendant appealed, and on affirmance of the judgment applied to the Supreme Court for a writ

of error.    The writ was refused by the court on January 10, 1898, without written opinion.    Applicant having filed a motion for rehearing the written opinion following was delivered thereon.

*Walton & Hill,* in support of motion.—A levy of tax made to pay interest and raise a sinking fund before the bonds are actually put in circulation and constitute a bona fide municipal debt, is void.    Dean v. Lufkin, 54 Texas, 271; Cooley, Taxation, 295, 296; Destey, Taxation, 642 to 644; 25 Am. & Eng. Encycl., Law, 192.

The levy of taxes must be by the Legislature or a legislative body. It is an act of government.    25 Am. & Eng. Encycl., Law, 18;  Destey, Taxation, 449; Cooley, Taxation, 184, 244.

If a court has power to change a void levy of taxes and thereby make it valid, then it has the power to make a levy in the first instance. There can be nothing added to naught.    A void act is not susceptible of amendment, addition or subtraction.

BROWN, ASSOCIATE JUSTICE.—Counsel for applicant Nalle present with admirable clearness a very interesting and important question predicated upon the following facts:

The city of Austin, a municipal corporation of more than 10,000 population, acting under a special charter, determined in accordance with the requirements of the said charter to issue and sell 1400 bonds for $1000, each bearing five per cent interest per annum from date, aggregating $1,400,000, for the purpose of constructing a dam, water works, etc.    The bonds were all prepared, signed and dated on the same day in the year 1890, but were actually sold and delivered at different times. In 1893, at the time the city council levied the taxes complained of in this suit, there had been sold and delivered of said bonds $950,000, the remainder being still held by the city.    At that time the taxable values of the city, as shown by assessment rolls, amounted to $11,058,058.

Among other taxes, the city council made a levy in the following words and figures:  "91 cents on the $100 to pay the interest and raise a sinking fund on entire issue of water and light bonds."    The trial court found that 61¾ cents on the $100 of values would have been sufficient to pay interest and raise sinking fund on bonds actually issued and sold.

Nalle having refused to pay this tax, as well as others, was sued by the city in the District Court of Travis County for the whole amount of the levy of 91 cents on the $100 on his property in the said city; to which he made defense that the levy was void and would not support a recovery.    The trial court entered judgment for the city against Nalle for the amount that 61¾ cents on the $100 upon his assessed values would produce; which judgment was affirmed by the Court of Civil Appeals.

Granting that the city had no authority to levy taxes to pay interest and raise a sinking fund on the bonds not sold and which still remained

in the custody of the city, the question to be determined is, did the levy of an amount in excess of that which the law authorized render the levy void for the whole amount. The contention of the applicant is, that a portion of the levy being illegal the city could not recover for any part of it.

We have given this question careful re-examination, and we conclude that the correct rule is, that a tax which has been levied in part for a lawful purpose and in part for an unlawful purpose, but within the legal limits of the power of a city to make such levy, is not necessarily void in toto. A sale made, in the summary manner usual in collecting taxes, for a sum exceeding that which is a lawful claim against the property has been held by this court to be void; but we are of opinion that when suit is instituted by a city or county for the recovery of a tax due to it, and it is found that such tax is in part lawful and in part illegal, if the legal and illegal parts are capable of definite ascertainment and apportionment, a court will apportion the taxes and give judgment for that part which might lawfully have been levied. State v. McClurg, 3 Dutcher's Rep. (N. J. L.), 258; Allen v. Peoria R. R. Co., 44 Ill., 85; People v. Nichols, 49 Ill., 517; Briscoe v. Allison, 43 Ill., 291; L. & N. Railroad Company v. McKenna, 7 Lea (Tenn.), 313; B. & M. R. Railroad Company v. York County, 7 Neb., 494; Palmer v. The Township of Napoleon, 16 Mich., 176; DeFremery v. Austin, 53 Cal., 380; Mills v. Charleton, County Treasurer, 29 Wis., 400. If the entire levy of this tax were void, the court could not make a levy of what the city council should have levied,—but being in part valid, it was within the power of the court to enforce the city's claim to the extent that it was lawful and to refuse to give judgment for that which was unlawful.

There is a line of decisions, respectable in number and in the standing of the courts by which they were made, which seem to hold to the contrary of this proposition. But the greater part of those cases involve the validity of summary sales made for excessive amount of taxes or involve the levy of amounts or rates in excess of the power of the corporation; neither of which questions arise upon the facts of this case.

Counsel for applicant cite the case of Dean v. Lufkin, 54 Texas, 265, in support of their contention that the entire tax is void. We think that case may be distinguished from this in two essential points,—(1) In that case the levy of seven cents which the court held to be void was made under the authority to levy taxes for the payment of the general expenses of the city, which power had already been exhausted; (2) It does not appear from the report of that case that there were any data by which the court could distinguish the lawful from the unlawful part of the tax held to be void.

Other questions presented we have not thought it necessary to discuss in this opinion. The motion for rehearing is overruled.