## THOMAS H. MILLER v. CRAWFORD INDEPENDENT SCHOOL DISTRICT.

### Decided June 26, 1901.

**1.—Special School Tax—Foreclosure—Pleading.**

In an action to recover a special school tax assessed on property within the limits of an independent school district and to foreclose lien for same on real estate, it was necessary to allege that the land in question lay within the limits of the district; this is not covered, against general demurrer, by the allegation that the tax was duly and legally levied and assessed.

**2.—Same—Election.**

A petition to recover a district school tax levied in pursuance of vote, should, it seems, allege that the electors voting it were property tax payers within the district.

**3.—School Tax—Constitutional Law.**

Article 541c, Sayles' Statutes, 1879, conferring on towns and villages incorporated for school purposes only the power of levying school tax, is not void as contravening article 7, section 3, of the Constitution.

Appeal from McLennan. Tried below before John G. Winter, Esq., Special Judge.

*Jenkins & Harrison,* for appellant.—Incorporated cities and towns constituting separate and independent school districts have power to levy a school tax not to exceed one half of 1 per cent., and article 541c of Sayles' Statutes of 1879, conferring upon towns and villages incorporated for "school purposes only" the same taxing power, is void, being in contravention of article 7, section 3, of the State Constitution. Const., art. 7, sec. 3; Sayles' Rev. Stats., 1879, arts. 425a, 451c, 3785-6; Mitchell County v. Bank, 91 Texas, 361; Fort Worth v. Davis, 57 Texas, 225; Cooley on Tax., 2 ed., p. 329.

Article 7, section 3, of the Constituiton, is not self-executing, except in the sense that any act in violation of its limitations is void. The

tax therein authorized being for both the maintenance of schools and erection of school buildings, and its levy dependent upon certain conditions precedent, in the absent of legislation directing how much shall be levied for the one and how much for the other purpose, and providing a mode of procedure to comply with these and other requirements in said section, no tax can be levied thereunder. Const., art. 7, sec. 3; Mitchell County v. Bank, 91 Texas, 361; Fort Worth v. Davis, 57 Texas, 225; Cooley on Tax., 2 ed., p. 329.

*Cullen F. Thomas,* for appellee.

KEY, ASSOCIATE JUSTICE.—Suit by the Crawford Independent School District to recover from the defendant, Thomas H. Miller, a sum of money alleged to be due as taxes for the support of the public free schools in said district for the year 1898, and foreclose tax lien on certain lands described in the plaintiff's petition.

The defendant answered by general and special exceptions and general denial. There was a nonjury trial resulting in favor of the plaintiff, and the defendant has appealed.

On account of the public interest involved, the case has been recently advanced and submitted in this court, and we have given it such attention as the limited time before adjournment would permit. It involves a constitutional question, and for that reason may, and doubtless will, be carried to the Supreme Court for final decision. Hence, we content ourselves with merely stating our reasons for reversing the judgment, overruling without further comment the assignments raising other questions.

The suit is to recover a special tax assessed for a special purpose within a given territory comprising a portion only of a county. It is alleged that the tax was assessed upon certain real estate, and in order to show that such assessment was legal and liability for the payment of the tax existed, it was necessary for the plaintiff to allege that the real estate involved was within the limits of the territory referred to. This the petition wholly fails to do, and for this reason, appellant's general demurrer should have been sustained. Cooley on Tax., p. 159. It is true, the petition alleges that the taxes sued for were legally and duly levied and assessed, but that is merely the averment of the pleader's conclusion, and not an allegation of facts showing the correctness of such conclusions. Millican v. McNeil, 92 Texas, 400.

We are also disposed to sustain appellant's third special exception to the plaintiff's petition. To be qualified to vote at an election held for the purpose of determining whether or not a special school tax shall be levied, the person voting must not only be qualified to vote in general elections, but must also be a property taxpayer within the district. The petition alleges that an election was held for the purpose referred to, and that no one was allowed to vote "except qualified voters under the law, and those who, in addition to said qualification, were

property taxpayers, as shown by the last assessment rolls." But it does not allege that they were property taxpayers within the district. Cooley on Tax, 257, 334.

*Reversed and remanded.*