## Hammond, et al. v. Lester.

(Decided May 29, 1914.)

Appeal from Trigg Circuit Court.

1. Taxation—Fiscal Courts—Powers with Respect to Levy of Taxes. —The provisions of Section 157, Constitution, declaring that "The tax rate * * * for other than school purposes shall not at any time exceed * * * for county and taxing districts fifty cents on the hundred dollars, unless it should be necessary to enable such * * * county or taxing district to pay the interest on and provide a sinking fund for the extinction of indebtedness contracted before the adoption of this Constitution. No county * * * shall be authorized or permitted to become indebted in any manner or for any purpose, to an amount exceeding, in any year, the income and tax provided for such year, without the consent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and no indebtedness contracted in violation of this section shall be valid, * * *" are mandatory, and any indebtedness imposed upon the county in the form of taxation by the fiscal court which exceeds the constitutional limit of fifty cents on the hundred dollars is illegal and void.

2. Taxation—Levy for Road Purposes—Void in Excess of Fifty Cents on the Hundred Dollars—What Cannot Give Validity to Levy.—Where the fiscal court makes a tax levy in excess of fifty cents on the hundred dollars for road purposes the levy as to the excess, although made at the request of a considerable number of the taxpayers of the county, is void. The authority of the fiscal court to levy taxes cannot be made to rest upon a contract with the taxpayers, but is derived alone from the Constitution and statutes of the State.

DENNY P. SMITH, G. W. RYAN and KELLY & KING for appellant.

BREATHITT & BREATHITT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The question to be determined in this case is, whether the fiscal court of Trigg County has the power to levy a tax in excess of fifty cents on each one hundred dollars worth of taxable property of the county for any one year, exclusive of the tax for school purposes. On April 3, 1913, it levied a tax of thirty-five cents upon each $100.00 worth of taxable property in the county which it appropriated to the general fund for defraying the necessary expenses of the county government for the fiscal year, and, in addition, a tax of twenty-five cents on each one hundred dollars' worth of property for the building of roads in the county, thus exceeding by ten cents the constitutional limit of fifty cents on the hundred dollars. Section 157, Constitution, provides:

"The tax rate *   *   * for other than school purposes, shall not, at any time, exceed *  ·*   * for county and taxing districts fifty cents on the hundred dollars; unless it should be necessary to enable such *   *   * county or taxing district to pay the interest on and provide a sinking fund for the extinction of indebtedness contracted before the adoption of this Constitution. No county *   *   * shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void.  *   *   *"

It is not claimed that the tax levy made for the year 1913 by the fiscal court of Trigg County, was necessary to enable it to pay the interest on, or provide a sinking fund for the extinction of indebtedness contracted before the adoption of the Constitution.

The order making the levy reads as follows:

"Pursuant to chapter 52, article 5, Kentucky Statutes, it is ordered by the court that a tax of $0.35 to the general fund and a tax of $0.25 for special road and bridge fund and $0.20 for school funds making an aggregate of $0.80 be and the same is hereby levied and laid upon each one hundred dollars' ($100.00) worth of taxable property as assessed and equalized for State purposes in and for Trigg County for the tax year of 1913, i. e., the fiscal year beginning on the first day of July,

1913; and a tax of $1.50 is hereby levied and laid upon each male person of the age of 21 years or more residing in said county at the date of assessment, viz., the first day of September, 1912.  Said ad valorem and poll tax being necessary and is for the purpose of paying off the existing current indebtedness and to defray the necessary and current expenses of the county for said year, and same shall be collected by the sheriff at the same time and in the same manner as the State revenue is collected and by him disbursed on the orders of the court and the county court where by laws provided, and the said tax shall be known and designated as the County Levy Fund for the year of 1913.''

On September 9, 1913, the fiscal court amended the above order so as to make it read as follows:

''Pursuant to chapter 53, article 5, of the Kentucky Statutes, it is ordered by the court that a tax of $0.35 to the general fund and a tax of $0.20 for school funds, making in the aggregate $0.55, be and the same is hereby levied and laid upon each one hundred dollars' ($100) worth of taxable property as assessed and equalized for State purposes in and for Trigg County for the tax year 1913, i. e., the fiscal year beginning on the first day of July, 1913, and a tax of $1.50 is hereby levied and laid upon each male person of the age of 21 years or more residing in said county at the date of assessment, viz., the first day of September, 1912.  And it is further ordered by the court that a tax of twenty-five (25) cents be and the same is hereby levied and laid at the request of the property owners of each separate magisterial district upon each one hundred dollars' ($100) worth of taxable property in each magisterial district in and for Trigg County separately as assessed and equalized for State purposes for the tax year of 1913, beginning on the first day of July, 1913, for road and bridge purposes in each of said magisterial districts, and the sheriff is ordered to collect and keep the tax of each magisterial district separate for the exclusive use of the magisterial districts paying the tax respectively.  Said ad valorem and poll tax being necessary and, except the ad valorem tax herein levied upon the taxpayers of the magisterial districts for road and bridge purposes, is for the purpose of paying off the existing current indebtedness and to defray the necessary current expenses of the county for said year, and same shall be collected by the sheriff

at the same time and in the same manner as State revenue is collected and by him disbursed on the orders of the court and the county court where by laws provided, and same shall be known and designated as the county levy fund and the magisterial districts road and bridge fund for the year 1913.''

The appellee, Mrs. Dona Lester, a resident and taxpayer of the county, being of opinion that the fiscal court of Trigg County in making the levies in question violated the provisions of section 157, Constitution, to the extent of the excess over fifty cents on the hundred dollars contained therein, brought this action in her own behalf and that of other taxpayers of the county for the purpose of enjoining the sheriff of the county from collecting the ten cents on the hundred dollars in excess of the constitutional limit. The sheriff by answer traversed the averments of the petition and alleged that the levy of twenty-five cents on each one hundred dollars of taxable property for road and bridge purposes is a special tax for improving, grading and piking the roads of Trigg County, which was levied upon each magisterial district at the instance and request of many of the citizens and taxpayers thereof, and that each magisterial district will receive for road building therein the money paid by it on the levy of twenty-five cents on the one hundred dollars. Furthermore, that the tax of each district as collected will be kept as a separate fund for that district and will not go into the county fund at all or be used for any general county purpose, in view of which, it was alleged, it cannot be said that the thirty-five cents and twenty-five cents on each one hundred dollars' worth of taxable property together exceed the constitutional limit of fifty cents on each one hundred dollars' worth of taxable property of the county.

Numerous taxpayers of the county, by intervening petitions, concurring in the allegations of the answer of the sheriff, asked to be made parties to the action, and an order was entered making them defendants therein and treating the several petitions as their answers. Thereupon appellee filed a general demurrer to the answer of the sheriff and those of the citizens and the taxpayers made defendants, which demurrers and each of them the circuit court sustained, and no further defense being made, judgment was entered declaring the tax and levy made by the fiscal court to the extent of the ten

cents in excess of fifty cents on each one hundred dollars' worth of taxable property, illegal and void, and perpetually enjoining the sheriff from collecting said excess of ten cents or any part thereof. Appellants complain of that judgment, hence this appeal.

The power conferred upon the fiscal courts of the several counties of the State to levy taxes, must be exercised by them according to the provisions of the Constitution of the State and within the limitations imposed by that instrument; and when it is therein declared, as in section 157, that the tax rate for a county, exclusive of the school tax, shall not exceed fifty cents on the hundred dollars, its fiscal court in making the tax levy cannot exceed that amount. The constitutional provision imposing the limitation upon the power of the fiscal court to tax property of the citizens of the county is mandatory and must, therefore, be obeyed. If the needs of the county require a sum of money greater in amount than can be produced by a tax of fifty cents on the $100.00 in any one year, it may be obtained, not through a levy above that amount made by the fiscal court, but, as further provided by section 157, Constitution, by the assent of two-thirds of the voters of the county, voting at an election held for that purpose.

The action of the fiscal court in making the levy attacked by appellee in this case was, as to the excess over fifty cents on the hundred dollars, viz., ten cents, void. This question has been so frequently decided in this jurisdiction that we deem it unnecessary to do more than cite some of the cases so holding. Whaley v. Commonwealth, 110 Ky., 154; Blair v. Turnpike Co., 4 Bush, 157; Levy v. City of Louisville, 97 Ky., 394; Daviess County Court v. Howard, 13 Bush, 101; City Council v. Dowell, 16 R., 174; M., N. & L. T. P. v. Wiggins, 104 Ky., 540; Sparks v. Robinson, 114 Ky., 353; Knipper v. City, 109 Ky., 187.

It is not material that a considerable number of taxpayers in the several magisterial districts of Trigg county requested the fiscal court to make the levy of the tax of twenty-five cents on the hundred dollars for the construction of roads and bridges, or that the original or amended order directs that the tax collected in each magisterial district shall be expended in building and improving roads therein. The fact remains that the money to be expended on the roads of the several magis-

terial districts is to be raised by taxation, imposed by the only governmental agency of the county authorized to levy a tax, and if the power to levy the particular tax here complained of cannot be exercised under the Constitution by the fiscal court, the fact that any number of the taxpayers of the county, or even all of them, requested the levy of the tax and pledged themselves not to resist its collection, cannot give validity to the levy or confer upon the sheriff the right to collect it. The authority of the fiscal court to levy taxes cannot be made to rest upon a contract with the taxpayers, but is derived alone from the Constitution and Statutes of the State.

To permit the collection of the tax levied in excess of fifty cents on the hundred dollars, under the method attempted to be devised and executed by the fiscal court of Trigg County and some of the taxpayers thereof, would be but an evasion of the mandatory provision of the Constitution of the State, contained in section 157 of that instrument.

As it is apparent from the record that the fiscal court in making the tax levy of thirty-five cents for discharging the current indebtedness or expenses of the county and twenty-five cents for road purposes, exceeded the Constitutional limit of fifty cents on the hundred dollars, by ten cents, this excess of ten cents on the hundred dollars the judgment of the circuit court properly enjoined the sheriff from collecting.

Judgment affirmed. Whole court sitting.