JAMES T. CASWELL *vs.* WALTER J. WESTLAKE, Tax Collector et al.

JUNE 21, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Taxation. Exemption. Invalidity of Assessment.*

At the annual financial town meeting of town, it was voted that an assessment of taxes be made and that a certain building and land "is hereby exempted from taxation for a period of three years . . . and the tax assessors are directed not to assess same during said period". The assessors of taxes thereafter voted not to assess the property, and on the tax list opposite the entry of the valuation of the property made the entry "exemption by vote of the town".

*Held,* that the town in the absence of statutory authority had no power to exempt the property, and could not lawfully give directions to the assessors in regard to the performance of their statutory duty.

*Held,* further, that while the failure by the assessors to assess the property was intentional it was more in the nature of an error of judgment than of a wilful violation of the law, and as it did not proceed from a wrong or fraudulent intention, and did not increase the burden of the other taxpayers, it did not have the effect of rendering the entire assessment invalid.

*(2)    Inference.    Intention.    Finding of trial justice.    Appeal.*

The determination of intention, that is of a state of mind, usually involves the drawing of an inference from all the relevant circumstances, and the decision of a trial justice on such a question which is dependent on inference, is not decisive on appeal.

*(3)    Taxation.    Omission of Taxable Property from Assessment.    Collection of Tax Omitted from Assessment.*

G. L. 1923, cap. 60, sec. 25, provides that if any taxable real estate has been omitted in the assessment of any year, the assessors in the next annual assessment shall assess a tax against the person who was the owner of such estate in such year to the same amount to which such real estate should have been assessed in such year in addition to the tax for the current year.

*Held,* that where real estate was illegally exempted by the assessors, it did not escape taxation but there was merely a delay in the collection of the tax until the following year and there was no increased burden cast on the other taxpayers.

BILL IN EQUITY.    Heard on appeal of respondents and appeal sustained.

STEARNS, J.    This is a bill in equity brought by complainant for himself and other taxpayers of Narragansett, to restrain Walter J. Westlake, tax collector of said town, and the town from collecting certain taxes which it is alleged were illegally assessed.

The cause is here on respondents' appeal from a final decree of the Superior Court whereby they were permanently enjoined from collecting said taxes.

There is but little dispute on the facts.    At the annual financial town meeting of Narragansett on May 11, 1925, it was voted that an assessment of taxes at a specified rate be made and the board of assessors were directed to assess and apportion the tax on the inhabitants and ratable property of the town as of the 15th of June, 1925, 12 o'clock

noon, and on completion of the assessment to certify and deliver it in the office of the town clerk on or before September 1, 1925. It was also voted that the casino building and land "is hereby exempted from taxation for a period of three years from the date of the present exemption, and the tax assessors are directed not to assess same during said period".

On the 15th of June, at noon, the board of assessors had completed the assessment and had included therein the casino property. While the board was in session that afternoon for the purpose of hearing complaints of over-taxation, the record of the town vote of exemption was brought to their attention. John R. Champlin, one of the assessors, testifies: "They brought in this vote of the town to exempt that property and under the strength of the vote of the town, we exempted it". Alphonse Congdon, another assessor, testified that the reason for failing to assess the property was because of the vote of the town; that he did not intend to disregard the law. The other member of the board was unable to testify because of illness. The board was informed at that time by petitioner and the town solicitor that in their opinion the proposed exemption of this property was illegal. The board then voted not to assess the casino property and, on the tax list opposite the entry of the casino valuation, the following entry was made: "exemption by vote of the town". At the conclusion of the hearing the trial justice found on the issues of fact that the exemption by the town and the omission by the assessors of the property from the assessment were illegal and void; that the omission to include the casino property in the assessment was occasioned by an intentional disregard of law, but not for a wrongful or fraudulent purpose and that the entire assessment for 1925 was invalid.

In the reasons of appeal respondents allege for one reason that the trial court erred in finding as a matter of fact that said assessment was occasioned by an intentional disregard of law.

The assessors of taxes are town officers who are chosen by the electors of the town on town election day. G. L. 1923, C. 50, s. 1. Their duty and authority are established by statute. The town, in the absence of statutory authority, had no power to exempt the casino property,—*McTwiggan v. Hunter*, 19 R. I. 265; *Brown University v. Granger*, 19 R. I. 704; *In re The Warwick Financial Council*, 39 R. I.1,— and, of course, could not lawfully give directions to the assessors in regard to the performance of their statutory duty. That the failure by the assessors to assess the casino property was intentional is admitted. But, as was decided in the *McTwiggan* case, *supra*, this is not sufficient to void the entire assessment. As the court said (p. 273): "To have that effect the omission must be a conscious disregard of law, in such manner as to impose illegal taxes on those who are assessed. It is the conscious intention to disregard the law to the injury of others, or, in other words, an intention to do a wrong or commit a fraud which vitiates an assessment; . . . omissions arising merely from mistakes of law or fact or errors of judgment, in an honest endeavor on the part of the assessors to perform their duty, though increasing somewhat the burdens of taxpayers, will not render the assessment void."

(2) The finding of the trial justice that there was an intentional disregard of the law by the board is, we think, questionable. The determination of intention, that is of a state of mind, usually involves the drawing of an inference from all the relevant circumstances. The decision of a trial justice on such a question which is dependent on inference is not decisive on appeal.

The failure of the assessors in this case to perform their duty was more in the nature of an error of judgment than of a wilful violation of the law. The entry on the tax roll is inconsistent with personal wilfulness of the assessors. Their action rather indicates a submission to what perhaps they considered the superior authority of the town meeting.

To invalidate the entire assessment either for such a

disregard of the law, or error of judgment, would establish a rule too technical and harsh for the conduct of assessors who are usually laymen and not trained lawyers. Assuming that there was an intentional disregard of the law, it did not proceed from a wrong or fraudulent intention. The burden on the other taxpayers was not increased thereby. The *McTwiggan* case was decided in 1905. Thereafter in 1911, C. 732, P. L. (now G. L. 1923, C. 60, s. 25), became a law. Therein it is provided that if any taxable real estate has been omitted in the assessment of any year and has thereby escaped taxation, the assessors in the next annual assessment shall assess a tax against the person who was the owner of such real estate in such year to the same amount to which such real estate should have been assessed in such year in addition to the tax for the current year and such assessment shall be placed on a special tax roll and annexed to the general tax roll for the current year.

The effect of the statute in the case at bar is that the owner of the casino property does not escape taxation for this year. There is only a delay in its collection until next year. The possibility of any subsequent increased burden on the other taxpayers as a result of the attempted exemption is eliminated, and inequality of taxation is prevented. Such being the case there is no reason in the circumstances on principle or authority why the entire assessment should be invalidated.

For the reasons stated we decide that the assessment of taxes was valid.

The appeal of the respondents is sustained. The final decree of the Superior Court appealed from is reversed and the cause is remanded to the Superior Court with direction to enter a final decree dismissing the bill of complaint.

*Quinn, Kernan & Quinn,* for complainant.

*James O. Watts,* for respondents.

*Francis I. McCanna, George F. McCanna,* as trustees under the will of Edith Evelyn Hanan, deceased, *amici curiae.*