## SLAUGHTER v. BLEDSOE INDEPENDENT SCHOOL DIST. et al.

### No. 3608.

Court of Civil Appeals of Texas. Amarillo.

May 13, 1931.

W. H. Flippen, Jno. T. Gano, and Tom C. Clark, all of Dallas,. for appellant.

Daniel A. Blair, Levens, McWhorter & Howard, Schenck & Triplett, and Wilson, Randal & Kilpatrick, all of Lubbock, for appellees.

HALL, C. J.

This is an action by the appellee school district against E. Dick Slaughter, W. A. Myrick, Sr., and South Plains & Santa Fé Railway Company to recover school taxes, interest, penalties, and costs for the years 1927, 1928, and 1929, and in which plaintiff seeks to foreclose tax liens against 71 tracts of land involved, and described in the petition. Plaintiff sought to also recover attorneys' fees. That the taxes were delinquent, due, owing, and unpaid is alleged, and further that proper action had been taken by the authorities in the levying of taxes and the issuance of notices. The petition is verified by plaintiff's attorney.

The defendant Slaughter moved to dismiss the action, first, because the petition shows that no effort had been made by plaintiff to have the suit instituted by the county attorney of Cochran county before employing private counsel; and, second, because at the time of the attempted incorporation of plaintiff the district had fewer than 150 scholastics, and further because the petition failed to allege that the taxes sued for were assessed by the county tax assessor or that the rate had been fixed by the commissioners' court or that the tax rolls were compiled and approved under the direction of the commissioners' court.

The court overruled the motion. Whereupon Slaughter filed his first amended original answer and cross-action, containing a general demurrer, eight special exceptions, a general denial, and by way of special answer set forth certain matters which were alleged to be fatal defects in plaintiff's attempt to establish an assessment of taxes against the property involved, alleging that such assessments were not included in the tax assessor's regular tax roll, but under a separate and distinct assessment roll for plaintiff; that the same was never approved by plaintiff's board of trustees and no order of approval ever entered;

that no board of equalization was ever appointed to equalize the taxes; that the same were not equalized nor approved by the commissioners' court of the county; that said tax rolls were not tabulated properly, in that the amount of the tax is not totalled and the amount of assessed value of each column is not carried forward as provided by law; that notices were not issued of a contemplated raise in tax values; that such assessments were arbitrarily made and without due process of law; that the assessment sheets had never been signed by the tax assessor nor accepted by him; that for the years 1927 and 1928 no assessment of the property involved was ever made by the tax assessor; that, after the attempted creation of the district by the Legislature, the trustees arbitrarily divided the district between themselves without authority; that the district now has two separate boards of school trustees which has created a greater burden of taxation on defendant, in that it has taken away from this district a portion of the taxable property and largely increased the expense of the original district; that· no notices of alleged delinquencies had ever·been issued to the owners of the land or to defendant.

By cross-action over against plaintiff, Slaughter sought to recover certain taxes paid by him for the years 1926 and 1927 under mistake, and seeks to recover against his codefendant Myrick, who he alleges was the owner of the lands in fee simple during that time.

Myrick answered, setting up substantially the same defenses pleaded by Slaughter.

The railway company answered, alleging that it had paid the taxes; but, since Slaughter alone has appealed, no further notice will be taken of the other two defendants.

By supplemental petition, plaintiff alleges that, at the time the board determined to file the suit in question, Cochran county had no legally qualified and acting county attorney; that it called on the district attorney to institute the suit, who failed to do so, whereupon the board of trustees engaged the services of Daniel A. Blair to represent it as attorney.

The trial was had to the court without a jury. The court sustained a special exception urged by Slaughter against the claim for attorney fees.

The defendant filed a motion requesting the court to file findings of fact and conclusions of law. This request was never complied with.

■ The judgment of the court overruling Slaughter's motion to dismiss recites that the court heard the evidence. The evidence introduced upon the motion has not· been brought to this court, either in a statement of facts, or by bill of exception. This being

the condition of the record, the presumption in favor of the correctness of the court's ruling obtains. Reference to the motion seems to indicate that the grounds for dismissal, other than those numbered first and second in the motion, raise issues of law rather than of fact.

In the plaintiff's first supplemental petition, it is alleged that, at the time plaintiff determined to file the tax suit in question, Cochran county had no qualified and acting county attorney. That plaintiff called upon the district attorney of the Seventy-Second district to institute this suit, and that the district attorney failed and refused to do so; that thereafter the board of trustees entered into a contract with Daniel A. Blair, an attorney at law, as its representative in filing the suit. We must presume that the evidence heard by the court sustains this allegation. We are therefore not required to decide whether the statute, articles 7337 and 7343, require plaintiff to have said suit instituted by the county attorney. We must also presume that the evidence showed that there were 150 scholastics in the district. We therefore overrule the first and second propositions urged by the appellant.

■ By the third proposition it is insisted that, plaintiff having merely alleged that the taxes had been assessed and rendered by the proper officials, and failing to allege that the taxes had been legally levied, assessed, valued, rendered, and reported by the tax assessor, the tax collector, and the commissioners' court of the county; the petition was insufficient to entitle plaintiff to recover.

The record fails to show that any levy of taxes was made at any time and recorded upon the minutes of the court. It does show that "tax rolls of R. C. Strickland approved," and at a called meeting "motion by R. E. Alsup and seconded by H. T. Passmore that Board accept tax rolls as presented by R. C. Strickland carried." This meeting was held June 15, 1928. The same order was made June 12, 1927. P. L. Thacker, who became secretary of the board in April, 1930, testified as follows: "Relative to the system employed out there for the purpose of raising taxes year by year according to these records the different boards made the raise. The board would meet and pass a motion that the taxes would be raised a certain per cent. From the records there, I judge a motion of that kind was made and passed on each year from 1927–1928 and 1929, raising the taxes a certain per cent by the board and these tax rolls introduced in the record here carry that raise with them in that way."

It will be seen that there is a failure to show that the board ever levied a tax for any amount for either of the years in question; that no order was ever entered upon the minutes of the board, showing the levy, nor was it shown that the required notices were issued to the record owners of the several tracts of land against which foreclosure of the tax liens is sought by the plaintiff. In Geffert v. Yorktown Independent School District, 290 S. W. 1083, there is a full discussion by the Commission of Appeals setting out the duties to be performed by the board and the formalities necessary to put in effect a valid levy and assessment. It is stated in that case that the school board in such matters is a tribunal of limited jurisdiction where its right to proceed depends upon the existence of given facts and the doing of specific things which are jurisdictional. The record should show that there was a quorum present and the proposition was adopted, that an order should be passed at such a meeting making a levy in due form, and that this order should appear upon the minutes of the board. This being true, the court erred in not sustaining the several exceptions urged to the petition specifying the defects mentioned therein. It follows that the judgment foreclosing the lien when neither the pleadings nor the evidence show a compliance with these jurisdictional precedent conditions is error. Miller v. Crawford Independent School District, 26 Tex. Civ. App. 495, 63 S. W. 894; Hunt v. State, 110 Tex. 204, 217 S. W. 1034; Richardson v. Liberty Independent School District (Tex. Civ. App.) 22 S.W.(2d) 475.

■ The witnesses J. C. Montgomery, tax collector of the district, and R. C. Strickland, tax assessor in 1928, were permitted to testify orally from the tax rolls, and P. L. Thacker was permitted to testify orally, from what he said were copies of the minutes of the school board, to necessary facts, but neither the rolls nor the minutes were introduced in evidence. Thacker had only been secretary since April, 1930. He testified that the book which he had in his lap did not contain the original minutes, but contained only copies of the originals, and that the originals were in the safe in the school building, and were accessible to him. He further stated that he made the copy that he testified from about a month before the trial; that the originals were in the safe and were put in a book. The appellant reserved an exception to the admission of all of this testimony because the court admitted it over the objection that it was secondary and that the originals constitute the best evidence. This was error. It is unnecessary to discuss at length the fundamental rules which require the introduction of primary evidence when it is available. 2 Jones on Evidence (2d Ed.) pp. 1396–1406, 1412–1413; Geffert v. Yorktown Independent School District, supra; Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15.

It is unnecessary to discuss the alleged error of the court in failing to file findings of

fact and conclusions of law, since it probably will not occur upon another trial.

For the reasons ·stated, the judgment as to the appellant, Slaughter, is reversed, and the cause remanded and affirmed as to the other defendants.