### HARDING et al. v. RAYMONDVILLE INDEPENDENT SCHOOL DIST.

No. 8823.

Court of Civil Appeals of Texas. San Antonio.

May 11, 1932.

Rehearing Denied June 29, 1932.

Jesse G. Foster, of Raymondville, for appellant.

A. B. Crane and R. F. Robinson, both of Raymondville, and J. F. Carl, of Edinburg, for appellee.

COBBS, J.

This suit was brought by appellee against appellant in the criminal district court of Willacy county to recover judgment for certain school taxes against W. A. Harding, who held the legal title to the land, and other parties being lien holders on various tracts of land. The defendants were all served by citation by publication and all answered. Defendant W. A. Harding, appellant herein, filed his motion to dismiss the suit on the ground that it was filed by one William J. Gerron, who was neither county attorney nor deputy county attorney, and not authorized to bring such suit. The motion was overruled. He also answered by pleas in abatement, general demurrer, special exceptions, general denial, and special answer setting up various defenses and attacking the sufficiency of the pleading. The pleas being overruled, the case proceeded to trial. The defense of Harding was to the effect that he had paid various sums of money for taxes for which he had not received credit and had paid all or practically all of the alleged amount of taxes claimed to be due; that various tracts on which it was sought to foreclose taxes were not sufficiently described to identify the same; that the delinquent tax lists were not copies of the tax assessor's regular roll; that none was ever made, but that such alleged copies were made up under a separate and distinct assessment roll compiled for the sole and only purpose of bringing this suit; that no delinquent tax lists for any of the years in question had ever been made or published by said plaintiff school district; that no notice to this defendant of any such delinquency was ever sent out and none ever received; that the tax roll for the years 1928 and 1929 on which the plaintiff was suing was never approved by the plaintiff's board of trustees, and no order of approval was ever entered; that no board of equalization was ever appointed to equalize the taxes, and such were never equalized or approved; that plaintiff school district had employed one Hays Scisson, who, without authority, fraudulently changed various amounts as to values of taxable property, placing larger amounts against the defendant Harding's property than was equal and uniform with other property of like character and kind; that the valuations of the property of the defendant were not the true value, as found by a board of equalization, if any was ever employed or sworn in, and to the further effect that the tax rolls of the plaintiff school district for the years in question, 1928 and 1929, were not tabulated

properly as provided by law, in that the amount of the taxes were not totaled, the amount of the assessed value of each column was not carried forward as provided by law; that notices were not issued of any contemplated raise of the tax value, but such assessments were arbitrarily made without due process of law; that the assessment sheets had never been signed by the tax assessor nor accepted by him and no assessment of the property for the years 1928 and 1929 was ever made, and to the further effect that no levy as provided by law was ever made by the school board of said plaintiff school district for the years 1928 and 1929; and that the records and data of such school district are insufficient to show whether the defendant has paid his taxes or not.

Defendant further alleged that Hays Scisson had charge of all the tax records of plaintiff district; that he collected large amounts of taxes due plaintiff school district for which he failed and refused to account; that he destroyed copies of original tax receipts issued out of his office, without showing on the tax rolls that such taxes had been paid, and that he committed various forgeries on said tax rolls and assessment books, by erasing the values of such property and putting a fictitious value thereon, and collecting numerous amounts of taxes and in issuing receipts therefor; and that all of the books and records of plaintiff school district were wholly insufficient to constitute a record such as to bind the defendant.

The attorney ad litem, appointed by the court for the nonresident defendants, answered adopting the answer of defendant Harding. The American Life Insurance Company answered adopting the answer of defendant Harding, and further to the effect that the petition disclosed a misjoinder of parties and misjoinder of causes of action.

Appellant, at the close of the testimony, moved for a judgment, which motion was overruled; but the court found that the school district, in attempting to levy taxes for the years 1928 and 1929, had attempted to levy the sum of 75 cents on the $100 valuation of property in the school district for maintenance tax, when they were only authorized by a vote of the people to levy not exceeding the sum of 60 cents on the $100 valuation. The case was tried before the court, who entered judgment for the lump sum of $5,218.93, in favor of plaintiff, together with 6 per cent. per annum from the date of the judgment. The defendant Harding has appealed.

■ We overrule the first proposition. We think, under the circumstances, the appellee was authorized to employ, as it did, counsel to bring this suit. If anything, it was harmless, as the county attorney appeared in and did represent the city in the trial of the case.

We overrule the second proposition. The allegations are sufficient to show that the board of trustees of the school district had approved the rolls and assessments of such property, and that the delinquent taxes had been published in a newspaper as provided by law. This also applies to the third proposition. And for the same reason we overrule the fourth proposition.

■ We do not think there is any merit in the fifth proposition. The defendants were properly joined as having some interest in the property.

There is no merit in appellant's sixth proposition. The pleading is sufficient. All the things excepted to are covered by the general allegations showing a lump sum. There was sufficient notice as to the amount of levy or levies and the purpose of same for the years in question.

■ We do not think there is any merit in the seventh proposition, and it is overruled; and for the same reason the eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourtenth propositions are overruled. We think appellee was entitled to recover penalty and interest and costs of suit against the tracts of land of defendant Harding, and it made no difference that it was attempting to collect an illegal levy of 75 cents for maintenance tax. It did not collect it. There is no merit in the fifteenth proposition, and it is overruled. For the same reason, the sixteenth proposition is overruled.

There is a difference in the tax order, in the judgment and the exhibits attached to appellee's petition, because costs had been added, and interest and penalty had been added to the roll, and the court would not expect the petition filed years after the taxes became delinquent to show an exact copy without the interest and penalty.

It is submitted that the roll as made and as introduced in evidence is in substantial compliance with the law, so close that certainly no injury was done to appellant by rendition of judgment against him for taxes, especially as he made no pretense of showing that he had ever paid, or offered to pay, the same, and especially when it is shown that each and every receipt or fact that he made that can be counted to be a payment of taxes was credited to him in the settlement, and, in addition to that, the court then took away 15 cents of the maintenance taxes of the levy, and defendant was credited for that. The court found the amount of each and every tax, including interest and penalty, and entered the same in the judgment, very clearly, so that no question can be raised about it.

The courts can and will give judgment for that part of the taxes which are lawfully levied, and the court here separated the unlawful from the lawful and thus entered judgment. The court separated the taxes and in

its judgment decided that the appellee should only collect 60 cents for the maintenance and 25 cents for the bond or sinking fund; and therefore gave judgment for the 60 cents, and the 25 cents, or a total of 85 cents, though the total levy was for a dollar. Article 7329, R. S. 1925; Nalle v. City of Austin, 91 Tex. 424, 44 S. W. 66; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496; Davis v. Burney, 58 Tex. 364; Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35; State v. Fulmore (Tex. Civ. App.) 71 S. W. 418; Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490; City of San Antonio v. Raley (Tex. Civ. App.) 32 S. W. 180; County of Daviess v. Dickinson, 117 U. S. 657, 6 S. Ct. 897, 29 L. Ed. 1026; Bonougli v. Brown (Tex. Civ. App.) 185 S. W. 47; Cooley on Taxation (3d Edition) pp. 590, 591, and pages 955 to 958; 37 Cyc. 977; Hammond v. Lester, 159 Ky. 310, 166 S. W. 976, 978; Caswell v. Westlake, 47 R. I. 411, 133 A. 796; Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973, 28 L. R. A. 480.

The legal taxes, when separated from the illegal, can be recovered. Nalle v. City of Austin, supra; City of San Antonio v. Berry, supra; City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619; Davis v. Burney, supra.

' Witness Fuller, who was president of the board in 1919, says that the taxes were levied with all of the board present; that they appointed an equalization board, and it made a report, and their acts were approved by the board. The record shows that Tax Collector Scisson did change the tax receipts but no rendition sheets. Fuller testified that the levy made and introduced was word for word with the one they passed as a board, and that he signed the original levy for 1929. Appellee admitted that forgeries were in the record, but did not admit any forgery in Harding's taxes. Fuller could not say whether the levies offered were the ones passed or not. The levy as passed was in substance the one read to him, which was introduced in evidence.

Fuller said the levies for 1928 and 1929 were written when they were passed, and put in the minutes. Levy was gotten up and brought to the meeting. Trustee Eaton said levy was made for 1928. Crowell said levy taxes for both 1928 and 1929, and appointed an equalization board, and the board acted and the rolls were approved. And he said the one introduced in evidence was the one that was passed. Trustee Scott said the same as the other trustees.

It is true that Fuller said that he did not sign his name to the levy offered in evidence, but he did not say that is not the levy that was made by the school board, but he signed one. He only said that somebody had put his name on that levy of 1928 and 1929; while appellee takes a position that naturally the collector stealing money would change the records, and thus account for this record. Mecom v. Ford, 113 Tex. 109, 252 S. W. 491; Richardson v. Liberty Independent. School District (Tex. Civ. App.) 22 S.W.(2d) 475; Slaughter v. Bledsoe Independent School District (Tex. Civ. App.) 38 S.W.(2d) 888; Brown v. Ruse, 69 Tex. 589, 7 S. W. 489; Brown v. Reese, 67 Tex. 318, 3 S. W. 292; Ewing v. Duncan, 81 Tex. 230, 16 S. W. 1000.

■■ The facts do not establish that the levy introduced in evidence by appellee was a forgery. The levy as introduced in evidence is identified by all witnesses as a substantial copy of that passed. While Mr. Fuller, the president of the board, should have signed the 1929 levy, and says that it is not his signature on the levy as introduced, but he did sign one, word for word, with that. Appellee introduced that levy for what it was worth, not contending it to be a levy made by the board, nor admitting it to be a forgery, but simply introduced it to show that a levy of that substance was passed by the board, and all things were done regular. And it is submitted that this procedure was perfectly lawful, because in the Liberty Independent School District Case (Tex. Civ. App.) 22 S.W. (2d) 475, on page 478, the court said: "We agree with appellee that an order levying taxes need not be entered of record as of date of its passage, but may be proved orally and may be placed of record at a later date, provided there is proof that the order entered was in substance the order passed."

■ The roll as introduced in evidence was sufficient under the law for a tax roll, even though the roll showed only the year for which the tax was to be collected, the name of the taxpayer, his address, the subdivision, the lot, the block, the section, the acres, the value, value of the personal property, and the total taxes on each page. In that, in this instance, the tax being a dollar, there was nothing further required to know the tax than to look at the value; however, the roll would have been in better order if such had been carried out.

We have carefully read and considered the points raised and presented in the briefs of counsel, and have concluded to overrule all the propositions presented by the parties, and affirm the judgment of the court.