

# THE ATTORNEY GENERAL
## OF TEXAS

October 21, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Carl A. Parker          Opinion No.   JM-968
Chairman
Education Committee               Re:  Authority of a school dis-
Texas State Senate                trict to expend funds to defend
P. O. Box 12068                   a trustee in an action alleging
Austin, Texas  78711              an intentional tort  (RQ-1542)

Dear Senator Parker:

You ask our opinion on the following question:

> May an independent school district
> lawfully expend funds for attorney's fees for
> defense of a trustee in a civil suit alleging
> an intentional tort against the trustee?

You furnish the following statement  of facts in support  of
your question:

> Circumstances exist in the Huffman  I.S.D.
> whereby a trustee became embroiled in a
> difference of opinion with a teacher.  The
> teacher has alleged sexual harassment and  in
> retaliation of the complaints one trustee has
> voted against renewal of her contract.  Two
> lawsuits have been filed, one against the
> school district alleging various civil rights
> violations, and a private lawsuit by the
> former teacher against a trustee alleging an
> intentional tort taking place in the parking
> lot of the school district following a school
> board meeting.

> Apparently, the school board of trustees
> has undertaken to provide legal counsel for
> the trustee in defense of the civil suit
> alleging the intentional tort. The trustee
> has signed a letter of agreement agreeing to
> reimburse the district in the event it is
> determined that payments for attorney's fees
> in his behalf are not proper.

An independent school district may retain and pay attorneys to protect its interests in a lawsuit, even though the suit is brought against an individual officer or employee of the district. Educ. Code § 23.26; Attorney General Opinion JM-685 (1987); Attorney General Opinion H-70 (1973); see Stewart v. Newton Independent School District, 134 S.W.2d 429 (Tex. Civ. App. - Beaumont 1939, no writ); Harding v. Raymondville Independent School District, 51 S.W.2d 826 (Tex. Civ. App. - San Antonio 1932, writ dism'd); Arrington v. Jones, 191 S.W. 361 (Tex. Civ. App. - Texarkana 1917, no writ).

The authority of the district to employ attorneys is limited to those situations where the legitimate interests of the district, and not merely the personal interests of the officer, require the assertion of a vigorous legal defense on behalf of the public interest. Attorney General Opinions JM-824, JM-685 (1987); H-70 (1973); see Tex. Const. art. III, §§ 50, 51, 52; State v. Averill, 110 S.W.2d 1173 (Tex. Civ. App. - San Antonio 1937, writ ref'd); Graves & Houtchens v. Diamond Hill Independent School District, 243 S.W. 638 (Tex. Civ. App. - Fort Worth 1922, no writ). See also City of Corsicana v. Babb, 290 S.W. 736 (Tex. Comm'n App. 1927, judgment adopted); City of Del Rio v. Lowe, 111 S.W.2d 1208 (Tex. Civ. App. - San Antonio 1937), rev'd on other grounds, 122 S.W.2d 191 (Tex. 1938); City National Bank of Austin v. Presidio County, 26 S.W. 775 (Tex. Civ. App. 1894, no writ); Attorney General Opinions MW-252, MW-157 (1980); H-887 (1976); H-544 (1975); WW-1464 (1962); Letter Advisory No. 24 (1973).

Thus, the question of the lawfulness of expending public funds to protect the public interest in a suit brought against the officer of a school district will always be a question of fact. Attorney General Opinion JM-824 (1987). The question which the trustees of the district must decide is whether or not the suit really involves the interests of the school district or whether the expenditure of taxpayer funds will accrue solely to the personal benefit of the officer. This office does not make determinations of fact in the process of issuing legal opinions; that responsibility in this kind of question must rest with the judgment of a majority of the disinterested members of the school board. Id.

We emphasize that in making such a decision, the trustees do not have to conclude absolutely in advance that the officer sued is blameless, or that the suit ultimately will be defeated. Id. The trustees need only use their

best judgment to determine  based on the information  before them that the actions of the officer were undertaken in good faith within the scope of  an official duty.  _Id._  _See  also_ Attorney General Opinion M-726 (1970).  Even when a  lawsuit contains allegations that seem to  place the actions of  the officer outside the scope of  official duties, a defense  at public expense may still be proper.  Such an issue can  only be decided  at the  trial of  the case;  standing alone,  an allegation does not prevent the school board from  providing for the  defense of  an officer.  Attorney General  Opinion JM-824 (1987);  _See, e.g._, _City of Del Rio_, _supra_; _see  also_ Attorney General Opinions JM-755 (1987); H-887 (1976); H-544 (1975).

Your request letter  indicates that  you are  concerned particularly about  the  application  of  these  general principles to a situation involving the defense with  public funds of an officer alleged to have committed an intentional tort.  The  general  principles discussed  above  have  been applied by  the courts  to permit  the defense  of a  public officer  or  employee  at  taxpayer  expense  in  criminal prosecutions.  _City  of  Corsicana  v.  Babb_, _supra_;  _see generally_ Annot., 130 A.L.R.  736 (1941).

## S U M M A R Y

A school district may expend public  funds for the  defense of  a  school trustee  in  a private lawsuit alleging an intentional  tort if a majority of the disinterested members of the  school  board  make  a  good  faith determination that a defense of the action is in the  public interest.  A school  district may not expend public funds to represent  the purely personal  interests  of  an  individual trustee.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by D. R. Bustion, II
Assistant Attorney General